Shields v. Thompson.

Thomas and Mary Shields v. Hannah Thompson.

1. SALE OF LAND. *Deficiency in quantity. Abatement in price for. When.*
   A lot represented to the purchaser as fronting sixty-two feet on
   High street, and running back one hundred and seventy feet to an
   alley, in Nashville, Tennessee, was sold for $12,815 in gross. Before
   confirmation of the sale, the purchaser applied for relief, on account
   of a deficiency in quantity of two feet front.
   *Held,* The purchaser is entitled to no relief.

2. SAME. *Same. Rents.* The purchaser was entitled to possession from
   confirmation, and, as possession was not obtained, he may recover
   rents from that time.

   Cases cited: Meek v. Bearden, 5 Yerg., 467; Horn v. Denton, 2 Sneed,
   125.

   Authority cited: 1 Story Eq. Jur., §144.

FROM DAVIDSON.

Appeal from the Chancery Court.    E. H. EAST,
Chancellor.

R. McP. SMITH for Thomas Shields.

No brief for defendant.

McFARLAND, J., delivered the opinion of the Court.

Under a decree in this cause, a house and lot in
the city of Nashville was sold by the Master, and
purchased by C. P. Thompson.    Before confirmation he
applied, by petition, to have an abatement of the price,
on account of the deficiency in the quantity of land.
This relief was granted him, and the parties interested

have appealed; the grounds for the relief, as stated in the petition of the purchaser, are, that the advertisements of the property in the city papers, and elsewhere, stated that the property fronted sixty-two feet on High street, and the same statement was made by the auctioneer, at the sale; that he bought with a definite understanding that there was a frontage of that much ground, and was influenced by this consideration in bidding the price he did; that he made a careful calculation of the same, upon that basis; that the land constituted the principal value, as the houses were not comparatively valuable; that it turned out there was only a front of sixty feet, being a deficiency of two feet.

The advertisement referred to describes the property on "High street, near the corner of Cedar, known as the Shields property. The lot fronts sixty-two feet, and runs back 170 feet, to an alley." Then follows a description of the houses and the terms of the sale: "persons wishing to examine the premises are referred to certain real estate agents."

It fully appears that the sale was not by the foot, but in gross, the auctioneer, however, repeating the description contained in the advertisement as to the sixty-two feet front. The property sold for $12,815. It turns out, upon actual measurement, that the front on High street is one foot and nine inches less than sixty-two feet. Does this make a case for relief? When the sale of land is by the acre or foot, the purchaser, of course, is only required to pay for the

amount of land he received at the price bid. So, also, if the sale be in gross, and the purchaser buy upon the fraudulent representations of the vendor as to the quantity, or the mistake as to the quantity be so gross as to raise a presumption of fraud, relief may be had. It is clear, however, that this case does not come within either of these sales. The sale was not by the foot but in gross. The representation as to the quantity was not fraudulently made, and the mistake as to the quantity, was not so great as to raise a presumption of fraud. But, it is argued, that the relief should be granted upon the ground, that the parties acted under a mutual mistake in regard to a material fact, touching the subject matter of the contract. This is certainly a good ground for relief in equity. The principle, as applicable to sales of land, may be illustrated in this way: If the purchaser thought he had purchased a particular piece of land, as a part of a farm, and material to its value, and the vendor thought he had sold it, when, in fact, the piece in question did not belong to the farm, or pass by the sale, this would be a clear case of a mutual mistake as to the land sold, and would be good for relief. See 1 Story's Eq. Jur., §144.

But, where the land sold is correctly described by metes and bounds, or its boundaries known, and a personal examination had, then a mere mistake as to the quantity of land embraced within the boundary will be no ground for relief in the absence of fraud or misrepresentation, unless, perhaps, the mistake be so

great as to raise a presumption of fraud, or shock the conscience of the Court. As, for instance, if the land be on an island in the river, the boundaries of which are clearly in view of the parties, and the lines correctly described, the vendor may represent, and both parties believe, that it contains one hundred acres. It would be no ground for relief to either party, if it should turn out to contain a few acres. more or less, although the difference be material to the price. The reason is, that the parties were not mistaken in regard to the land sold and bought, the particular price contracted about, and amount of it passed by the acre, the purchaser gets, or thought he was getting; but the parties were simply mistaken as to the number of acres which were embraced within the area, a matter to be ascertained by measurement and calculation—a fact about which, one party was as well informed as the other, and about which either might have satisfied himself. Such is the doctrines laid down by the Court in *Meek* v. *Bearden,* 5 Yerg., 467, and which we think has been followed at the present term in the case of *Hides* v. *Martin.* This principle was not decided in *Horn* v. *Denton,* 2 Sneed, 125, but the decision in that case placed upon a different ground altogether. We have but to apply the principle to the present case.

The property sold was a lot with a residence upon it, in the city of Nashville, the locality of which was correctly given, with such description that it could readily be seen and identified. It is not insisted that there was any mistake as to the boundaries of the

lot, or as to any particular piece of land supposed to be embraced within it. It is not averred that there was any mistake as to the locality of the corners of the lot on High street, but simply that the purchaser believed, upon the statements in the advertisements, and of the auctioneer, that the distance between those corners and lines was sixty-two feet—thus making the front sixty-two feet—whereas, the distance was one foot and nine inches less, if the purchaser was not mistaken as to the locality of these corners. He could with great care, have ascertained the exact distance by simple measurement, if he had so desired. Not having done so, and having purchased the property for a gross sum, he can have no relief. Nor could the other party have been entitled to relief if the front had turned out to be a foot or two more than sixty-two feet. The decree on this point will be reversed and the relief refused. The decree as to the rents was proper. The purchaser was entitled to possession from confirmation, and, as possession was not obtained, he was entitled to rents from that time.

Decree accordingly divides the costs of this Court.