In re Estate of Isaac B. Robinson.

Edward E. Gustin, appellant, v. Estate of Isaac B. Robinson, appellee.

Filed July 14, 1920. No. 21006.

Vendor and Purchaser: Abatement in Price. When a vendor sells real estate that is described in gross for a gross sum and the property is subsequently discovered to be slightly less in quantity than that described in the deed, the purchaser is not entitled to an abatement in the purchase price unless it appears that fraudulent representations were made by the vendor as to quantity that induced the vendee to purchase.

Appeal from the district court for Lancaster county: Willard E. Stewart, Judge. Affirmed.

Lincoln Frost, for appellant.

R. H. Hagelin, contra.

Dean, J.

Plaintiff sued to recover $1,000 from the estate of Isaac B. Robinson, deceased, "on account of the breach of covenants" in a deed executed August 27, 1915, as alleged, wherein Robinson was grantor and plaintiff was grantee. The estate recovered a verdict and judgment and plaintiff appealed.

The controversy grew out of an exchange of real estate between plaintiff and Mr. Robinson, each party delivering to the other warranty deeds in the usual form. Plaintiff owned a house and lot valued at $4,200 that was mortgaged for $1,700. Mr. Robinson owned a two-story brick building, about 70 or 80 feet in length, at 816 O street, valued at $10,000 that was mortgaged for $5,500. Under the exchange agreement, as part payment, plaintiff assumed payment of the $5,500 mortgage on the O street property and also gave Mr. Robinson a mortgage thereon for $2,000. A deed to the house and lot owned by plaintiff, in which his equity was valued at $2,500, was also conveyed by deed to Mr. Robinson. The value of the respective properties, for the purpose of the trade, seems to have been agreed on between the parties. The Robinson deed merely described the property as lot 20, block 44, original city of Lincoln, the deed also containing this recital: ''And we do hereby covenant with the said grantee and with his heirs and assigns that we (are) lawfully seised of said premises.'' Mr. Robinson in his deed of course expressly excepted liability to plaintif· in respect of the $5,500 mortgage. The recorded plat of the "original City of Lincoln" describes the Robinson lot as being 25 feet wide and 142 feet deep. The actual width is 24 feet and 3 inches, and plaintiff contends that because of this deficiency he was damaged in the trade in the sum of $1,000. Hence this suit.

Plaintiff has lived in Lincoln since 1880, and for about 10 years before Mr. Robinson died he knew him in a business way. He testified that for 25 years he has known the Hoppe three-story brick building that stands on O street immediately east of the Robinson property; that 9 inches of the west wall of the Hoppe building stands on the east margin of the Robinson lot; that he did not find it out until about 2½ years after he traded properties with Robinson; that the Robinson building is "properly on the west line, * * * the 25-foot line

In re Estate of Robinson.

running 9 inches into the wall, into the building belonging to Mr. Hoppe." Plaintiff also testified that he owned four lots in block 44 fronting on P street; that Mr. Robinson occupied his own building on O street for approximately 10 years, both being in business in the same block during that time; that their respective properties joined, or nearly so, in the rear at or about the "east and west" center line of the block; that he examined the building before the trade was made. There is evidence in the record tending to prove that plaintiff paid interest on the mortgage to the Robinson estate after he discovered the shortage that he now complains of.

Among other assignments of alleged error counsel argues that the court erred in not instructing the jury to find for plaintiff on the ground "that there had been a breach of the covenant of seisin" and that the only question for the jury was "to determine the amount of damages." From the record before us, and in view of the law applicable thereto, it seems that the court did not err in the premises and that the judgment must therefore be affirmed. There is no charge of fraud or misrepresentation on the part of the vendor, nor is there anything from which fraud can be implied. There is nothing to show that the transaction was other than an exchange or sale in gross for a gross sum. It appears that Mr. Gustin was well acquainted with the Robinson property and was aware of the erection of the Hoppe building, that encroached on its east line, for more than 25 years before the trade was made. He examined the Robinson property and doubtless his knowledge or lack of knowledge of its dimensions just as it stood equaled that of the vendor. There is nothing to show that the vendor or the vendee were advised or had any knowledge in respect of the actual width of the lot and building. Nor does it at all appear that any misrepresentations were made to plaintiff that induced him to make the trade.

*Morris Canal Co. v. Emmett,* 9 Paige (N. Y.)* 168, 37 Am. Dec. 388, involved an application of the same principle of law that we are considering here. There the court said: "The sale to Emmett was clearly a sale *per aversionem,* as it was called in the Roman law; that is, for a gross sum to be paid for the whole premises, and not at a specified price by the foot or acre. In such sales the purchaser is entitled to the quantity contained within the designated boundaries of the grant, be it more or less, without reference to quantity or measure of the premises which is mentioned in the contract or conveyance. And where there has been no fraud or misrepresentation he is neither liable for a surplus, nor entitled to a deduction on account of any deficiency, in the quantity or measure of the premises mentioned in the contract or deed. *Mann v. Pearson,* 2 Johns. (N. Y.) 37; *Powell v. Clark,* 5 Mass. 355, 4 Am. Dec. 67; *Beach v. Stearns,* 1 Aik. (Vt.) 325." The *Morris Canal Co.* case also cites *Stebbins v. Eddy,* 4 Mason (U. S. C. C.) 414, and quotes Mr. Justice Story as holding in effect that the vendee cannot recover unless there has been fraud or wilful misrepresentation by the vendor to induce the vendee to suppose the quantity of land was greater than it actually was.

*Board of Commissioners v. Younger,* 29 Cal. 172, is a case where the vendor sought to recover on the alleged ground that the vendee misrepresented quantity. The court said: "If land is sold by metes and bounds, with a statement of the number of acres, a mistake as to the number of acres affords no ground of action, unless it appears beyond controversy that quantity was one of the principal conditions of the contract." It was there held that the vendor was not entitled to relief if he had the means of ascertaining the quantity and did not do so.

In *Graham v. Larmer,* 12 S. E. 389 (87 Va. 222), it is said: "Where land purchased for the gross sum of $6,000 is described in the contract of sale by metes and bounds,

and also as containing 274 acres more or less, a deficiency of 28 acres in the quantity of the land is no ground for an abatement in the purchase price, where the vendor made no representations as to the number of acres in the tract sold, and the vendee bought the land in gross, and not by the acre, and made partial payment after he knew of the alleged deficiency.''

In *Lane v. Parsons,* 108 Ia. 241, the court declared: ''An owner of a tract of land, which, according to the government plat, contained a certain number of acres, but, according to fixed boundaries, contained much less, conveyed it in gross, describing it as certain fractional quarters of the government survey, the grantee knowing it had been so originally surveyed. The grantor made no covenant or representation as to the number of acres in the tract, except that he merely stated his belief that, if resurveyed according to the original field notes, it would contain the number of acres as therein shown. *Held,* that the grantee was not entitled to recover for a deficiency.''

It was held in *Wadhams v. Swan,* 109 Ill. 46: ''On a sale of land by its proper numbers, or other specific description by which its boundaries are made certain, for a sum in gross, the boundaries, when ascertained, will control in case of a discrepancy as to the quanity or number of acres; and in such case neither the purchaser nor the vendor will have a remedy against the other for any excess or deficiency in the quantity stated, unless such excess or deficiency is so great as to raise a presumption of fraud.''

In *Powell v. Clark,* 4 Am. Dec. 67 (5 Mass. 355), the court, speaking by Chief Justice Parsons, said in substance that, where in a deed of conveyance the land was described as containing a certain quantity, ''the words expressing the quantity are not to be considered as a covenant that the land contained such quantity, but are to be taken as merely descriptive.'' In the body of the

opinion the learned Chief Justice observed: "The question before us in this action depends upon the construction of the deed declared on; and we are of opinion that the words expressing the quantity of land in the two tracts do not amount to a covenant, but are merely descriptive of the lands conveyed. Each tract is definitely limited, and any surveyor could easily ascertain its contents; and the plaintiff might have known the quantity of land contained within the limits described, before he concludes his purchase, by taking proper measures. If, to avoid that trouble, he chose to rely on the estimation of the defendant, he should have taken care that an express covenant was introduced into the deed." *Beach v. Stearns*, 1 Aik. (Vt.) 325; *Shields v. Thompson*, 63 Tenn. 227; *Burke v. Smith*, 57 Okla. 196; *Kendall v. Wells*, 126 Ga. 343; *White v. Price*, 202 Pa. St. 128; *Baker v. Manley*, 203 Pa. St. 191; 2 Devlin, Real Estate (3 ed.) sec. 1044.

Our decision is in harmony with the great weight of authority. The rule seems to have prevailed from an early day. It is a reasonable rule and, under the facts in the present case, we think it should prevail. Other assignments of alleged error are argued by plaintiff in respect of instructions given and refused and as to the admission of certain of the testimony which, in view of our conclusion, we do not find it necessary to discuss. The case was fairly submitted to the jury.

The judgment is

AFFIRMED.

LETTON, J., not sitting.