ROBERT J. HART v. WILLIAM A. HARDING ET AL., APPELLEES:
HERBERT W. DAVIS, APPELLANT.

FILED JULY 7, 1921. No. 21389.

1. **Vendor and Purchaser: ABATEMENT IN PRICE.** "When a vendor
sells real estate that is described in gross for a gross sum and
the property is subsequently discovered to be slightly less in
quantity than that described in the deed, the purchaser is not
entitled to an abatement in the purchase price unless it appears
that fraudulent representations were made by the vendor as to
quantity that induced the vendee to purchase." *In re Estate of
Robinson*, 105 Neb. 1.

2. ———: ———. Where a vendor induces a vendee to enter into a
contract of purchase of a tract of land by the following written
representation therein: "This farm contains 280 acres and is sold
as 280 acres," and "party of the second part agrees to pay $150
per acre"—and thereafter vendor receives from vendee the sum of
$42,000 and executes a warranty deed to said premises without
reference to acreage, except "according to government survey,"
vendor prior to the transaction having exhibited to vendee a plat
showing the acreage claimed by him according to government sur-
vey, which was relied upon by vendee without independent in-
vestigation, and where it was afterward discovered that the actual
boundaries of the tract were considerably within those shown by
the government survey by reason of encroachment of fences and
adverse possession in others, whereby there was a deficiency of
11.71 acres in the tract, *held*, the sale was by the acre and the
vendee is entitled in equity to recover for such deficiency.

2. **Accord and Satisfaction.** Evidence examined, and *held* not to show
a previous accord and satisfaction between the parties.

APPEAL from the district court for Lancaster county:
WILLIAM M. MORNING, JUDGE. *Affirmed in part, and re-
versed in part.*

*Fawcett & Mockett,* for appellant.

*Charles E. Matson, A. W. Richardson, B. F. Good, Paul
F. Good, George A. Adams, Lincoln Frost, Boehmer &
Boehmer, John J. Ledwith, T. R. P. Stocker* and *R. O.
Williams, contra.*

Heard before MORRISSEY, C.J., FLANSBURG and ROSE, JJ., BEGLEY and LESLIE, District Judges.

BEGLEY, District Judge.

The appellant, Herbert W. Davis, being the owner, in November, 1916, conveyed by a deed of general warranty to cross-appellant, Joseph O'Grady, the following described real estate situated in Lancaster county, state of Nebraska, to wit: The northeast quarter and the east half of the northwest quarter and the northeast quarter of the southwest quarter of section 6, in township 8 north of range 7, east of the sixth principal meridian, excepting the A. & N. Railway right of way across said premises.

On December 15, 1917, O'Grady, by warranty deed, conveyed said premises to the defendant and appellee, William A. Bahr, and, after describing the land the same as conveyed to him by Davis, added: "According to the government survey thereof and subject to the railroad right of way." On May 28, 1918, Bahr, by contract, sold said premises to the defendant Harding, agreeing to give warranty deed on March 1, 1919. On June 25, 1918, Harding contracted to sell the land to the plaintiff, Robert J. Hart, agreeing to give warranty deed therefor on March 1, 1919. Shortly before March 1, 1919, it was discovered for the first time by Bahr, Harding and Hart that the boundary fences and trees along the west side of the east half of the northwest quarter and along the west side of the northeast quarter of the southwest quarter, and also the boundary fence along the south side of the last above described tract, were not on the government survey line. By agreement the land was surveyed by the county surveyor, and the survey showed that there was a shortage of 11.71 acres between the land located within the boundary lines and fences and the land as contained within the government survey, and that this 11.71 acres was in the possession or occupancy of the adjoining owners, defendants Tillman, Baker, and the Keels, who claimed said acreage by adverse possession for more than ten years, and claimed that the said fences had been established and

maintained where they then stood for many years. It being thus found that Bahr could not place Harding in possession of the disputed acreage, amounting to 11.71 acres, and that Harding could not place Hart in possession thereof, this action was begun some time`before March 1, 1919, by Robert J. Hart against William A. Harding *et al.,* defendants. Harding, by cross-petition, claimed damages from William A.`Bahr on account of this shortage of acreage, and Bahr, by a cross-petition, claimed damages from his grantor, Joseph O'Grady, and on account of the claimed shortage in his transfer O'Grady, by cross-petition, brought into the suit Herbert W. Davis. Tillman, Baker and the Keels were brought into the suit as defendants, and each claimed to be the owner of certain parts of the 11.71 acres by adverse possession. The differences existing between Hart, Harding and Bahr were settled and compromised before suit, and the court so found and dismissed them from the case. The court found in favor of defendants Tillman, Baker and the Keels upon the issue of adverse possession of the 11.71 acres in controversy, giving Tillman 8.14 acres, Baker 2.57 acres, and the Keels about 1 acre. On the issues between defendants William A. Bahr and Joseph O'Grady, the court found in favor of Bahr, and that Bahr had been damaged by reason of failure of warranty in the said deed on account of adverse possession of the 11.71 acres in the sum of $1,961.42, for which, together with $100 counsel fees, judgment was awarded in favor of Bahr. On the issue joined between defendant O'Grady and defendant Davis, the court found in favor of O'Grady in the sum of $1,459.06, plus an attorney fee of $100, and divided the costs between the parties; one-third to the defendant O'Grady; one-third to defendant Davis; and the remainder to various other parties. Herbert W. Davis brings the case to this court by appeal and asks for a reversal of the judgment obtained by Joseph O'Grady. Joseph O'Grady, the cross-appellant, is asking for a reversal of the judgment obtained by appellee, William A. Bahr, against him.

No complaint is made of the findings of the trial court in favor of Tillman, Baker and the Keels on the issue of adverse possession of the 11.71 acres in controversy, but the action has narrowed down to a controversy between O'Grady and Davis, and an issue between Bahr and O'Grady, for damages for breach of covenant of seisin for failing to deliver possession of the 11.71 acres alleged to be due under the deeds of general warranty.

The question for decision is: Can O'Grady and Bahr recover from their respective grantors on account of the breach of covenant in their respective deeds? To determine this question it is necessary to find whether the sale relied upon was intended to be in gross or by the acre, or, if in gross, whether the estimated number of acres was in fact the controlling inducement and whether the price, though a gross sum, was based upon the supposed area and measured by it. The deed from Davis to O'Grady provided:

"Herbert W. Davis and Sarah C. Davis, husband and wife (grantors), of the county of King, and state of Washington, for and in consideration of the sum of twenty-nine thousand two hundred and fifty dollars in hand paid, do hereby grant, bargain, sell, convey and confirm unto Joseph O'Grady, grantee, of the county of Richardson, and state of Nebraska, the following described real estate situated in Lancaster county, and state of Nebraska, to wit: northeast quarter (N.E.¼) and east half of the northwest quarter (E.½-N.W.¼) and the northeast quarter of the southwest quarter (N.E.¼-S.W.¼), all in section six (6), township eight (8) north, range seven (7) east of the 6th principal meridian, excepting the A. & N. Railway right of way across the premises described."

The deed further contained the usual covenants of seisin and general warranties. It will be noticed that in this deed there was no representation whatever as to the quantity of the land; it being a conveyance in gross. The lines of the conveyed tract were marked by fences and trees,

Hart v. Harding.

and had been recognized by adjoining proprietors for the period of limitation as being on the true line. Before the purchase O'Grady examined and inspected the land, saw the fences dividing subdivisions and the monuments along the same, and purchased the lands within the existing and established lines, relying upon the west boundary as established by said division fences and monuments as being the west boundary line thereof. In such case he is not entitled to an abatement of the purchase price. His action comes clearly within the rule laid down in *In re Estate of Robinson,* 105 Neb. 1:

"When a vendor sells real estate that is described in gross for a gross sum and the property is subsequently discovered to be slightly less in quantity than that described in the deed, the purchaser is not entitled to an abatement in the purchase price unless it appears that fraudulent representations were made by the vendor as to quantity that induced the vendee to purchase."

Appellee Bahr contends that his cause of action arises out of a different state of facts, in that the sale by O'Grady to him was intended to be by the acre. It appears from the evidence that, after O'Grady and Bahr had entered into a written contract for the sale of this land, some doubt arose in the mind of Bahr as to the number of acres contained therein, and Bahr then went to W. T. Fenton, who was a part owner with O'Grady, though not of record, and expressed his doubts to Fenton, who assured him that, with the right of way out, it would still leave 280 acres, and thereupon the parties entered into a new contract of sale, which provided:

"This indenture, made this 2d day of October, A. D. 1917, between W. T. Fenton, party of the first part, and W. A. Bahr, party of the second part, witnesseth: That the party of the first part has this day sold to the party of the second part the following described property, to wit: The northeast quarter (N.E.¼) and the east half of the northwest quarter (E.½-N.W.¼) and the northeast quarter of the southwest quarter (N.E.¼-S.W.¼) of

section six, containing 280 acres, except the railway right of way. This farm contains 280 acres and is sold as 280 acres of section 6, town 8, range 7, in Lancaster county, Nebraska, together with all appurtenances thereto belonging and now therefor, for which the party of the second part agrees to pay the sum of one hundred fifty ($150) dollars per acre."

Afterward it was discovered by Bahr, at the time of examining the abstract in the fall of 1918, and before anything whatever was known of the claims of Tillman, Baker and the Keels, that according to the abstract the tract fell short some four acres of 280 acres, after deducting the right of way; whereupon negotiations on this matter were had by B. F. Good, attorney for Bahr, on the one hand, and W. T. Fenton, and Bruce Fullerton, his attorney, on the other. The plat was produced and it was ascertained that the tract, according to the government survey, contained 286.97 acres, and that the right of way took out 10.81 acres, leaving a net acreage in the tract, according to the government survey, of 276.16 acres, or a shortage of 3.84 acres less than the 280 acres contracted to be sold. Bahr insisted upon a deduction of four acres at $150 an acre, which was shown to have been taken by the railroad right of way, and this was objected to by Fenton, but through the efforts of the attorneys it was finally settled by deducting two acres and the payment of $300 by Fenton to Bahr. Thereafter O'Grady and wife executed and delivered to Bahr a warranty deed to said premises with the usual covenants of seisin and general warranties, with the following description:

"Know all men by these presents that Joseph O'Grady and Mamie R. O'Grady, husband and wife, of the county of Richardson and state of Nebraska, for and in consideration of the sum of forty-two thousand and no/100 dollars, in hand paid, do hereby grant, bargain, sell, convey and confirm unto William A. Bahr, of the county of Cass and state of Nebraska, the following described real estate situated in Lancaster county, and state of Ne-

braska, to wit: Northeast one-fourth (N.E.¼) and the east half of the northwest one-fourth (E.½-N.W.¼) and the northeast one-fourth of the southwest one-fourth (N.E.¼-S.W.¼), all in section six (6), township eight (8) range seven (7) in said county, according to the government survey, and subject to the railroad right of way, possession to be given on March 1, 1918."

O'Grady contends that the settlement between the parties and the payment by him of the sum of $300 to Bahr was a full settlement and accord and satisfaction of any representation as to acreage, and that, the deed having been given without reference to the acreage, the sale should be considered as a sale in gross. An accord and satisfaction is only a settlement as to the matters contemplated by the agreement. 1 C. J. 523, sec. 2. At the time of the controversy no knowledge being had by either party as to the location of the boundary fences and the same not being a subject of dispute, it cannot be held to have been included in the settlement. The only matter adjudicated was the acreage in the right of way, which was left open for settlement in the original contract. There was no change regarding the price per acre nor any waiver of the original contract, both parties accepted the government survey line as correct and relied upon the number of acres shown therein.

There is no question but what under the contract of sale the land was represented as 280 acres and sold as 280 acres at an agreed price of $150 an acre. Bahr was induced to purchase the land upon this representation and paid therefor the sum of $150 an acre. While the deed does not refer to the acreage, yet it incorporates the government survey, which furnishes a true description of the property to be conveyed, and the contract can be resorted to for the purpose of finding the real intent and understanding of the parties.

In *Caughron v. Stinespring*, 132 Tenn. 636, L. R. A. 1916C, 403, the court said: "If a sale is by the acre and there is a deficiency, then the purchaser can recover for

Hart v. Harding.

such deficiency at the agreed price per acre.   For where
the price is by the acre, if there is a misrepresentation
made by the vendor and relied upon by the vendee as to
acreage, producing a loss, such misrepresentation, whether
intended so or not, has all the essential elements of legal
fraud or mistake.   It is not absolutely essential, in order
to recover for a misrepresentation as to the quantity of
land conveyed, that the acreage should be stated in the
deed, but this may be shown by extrinsic evidence.   Like-
wise the amount of the consideration may be shown by
parol testimony.   The deed is only an execution of the
contract, and the real contract and understanding be-
tween the parties in this respect will govern on the ques-
tion."

In *McComb v. Gilkeson*, 110 Va. 406, it was said:
"Whether it be a contract in gross or for a specific
quantity depends, of course, upon the intention of the
contracting parties, to be gathered from the terms of the
contract and all the facts and circumstances connected
with it, but in the interpretation of such contracts the
courts, not favoring contracts of hazard, will always con-
strue the same to be contracts of sale per acre, wherever it
does not clearly appear that the land was sold by the
tract, and not by the acre."

In *Epes v. Saunders*, 109 Va. 99, the court held: "If
parties enter into an agreement for the payment of a
gross sum for a tract of land, upon an estimate of a given
number of acres, there is a presumption that the quantity
influences the price to be paid, and that it is a sale by the
acre, and not a sale in gross, unless the contract plainly
indicates a sale in gross, and this presumption can only
be overcome by clear and cogent proof."

In *Hays v. Hays*, 126 Ind. 92, 11 L. R. A. 376, it is held:
"Even where the sale has been in gross, and not by the
acre, if it appear that an estimated number of acres was,
in fact, the controlling inducement and that the price,
though a gross sum, was based upon the supposed area
and measured by it, equity will interfere to grant relief,

and rescind the contract on the ground of gross mistake."

For the reasons stated, the judgment of the district court is reversed and the cause dismissed as to the appellant, Herbert W. Davis, and is affirmed as to the appellee, William A. Bahr, and against cross-appellant, Joseph O'Grady.

AFFIRMED IN PART, AND REVERSED IN PART.