CLAIR J. HOKE ET AL., APPELLEES, v. DAVID A. WELSH ET AL., APPELLANTS.

77 N. W. 2d 659

Filed June 22, 1956. No. 33956.

*McGinley, Lane, Powers & McGinley,* for appellants.

*Firmin Q. Feltz,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an appeal from a summary judgment awarding

damages to the plaintiffs in the amount of $1,015.07, with interest at 6 percent from November 2, 1954, for breach of covenants of warranty and seizin. It is the contention of the defendants that the trial court erred in sustaining plaintiffs' motion for a summary judgment and in failing to sustain defendants' motion for a summary judgment.

The record shows that on August 20, 1954, the defendants conveyed the real estate involved in this action to the plaintiffs in joint tenancy, the land being described as follows: "A parcel of land designated as South One Half (S½) of Block Thirty-five (35) Original Town of Ogallala, Nebr., and as All of Lots Five (5), Six (6), Seven (7), and Eight (8), Block Thirty-five (35), Original town of Ogallala, now vacated." The record shows that the south half of Block 35 was originally platted into four lots, each 66 feet wide and 125 feet long. Streets running north and south on the east and west sides of Block 35 were 66 feet in width. The record shows that the street to the west was a paved street which had been used by the public as a street for more than 10 years. The fact that Lots 5, 6, 7, and 8, in the south half of Block 35 extend only to the north line of the Union Pacific Railroad right-of-way, a distance of 91 feet, or, if one-half of the vacated alley be added, a distance of 98 feet, gives rise to the present litigation. The plaintiffs assert that the plat of the Original Town of Ogallala shows that Lots 5, 6, 7, and 8, in Block 35, were 125 feet in length, with a street along the south line which was 166 feet wide. Defendants contend that such plat shows a street 66 feet wide, but assert that no street ever existed since the plat was mistakenly prepared with an overlap of 34 feet upon the property of the Union Pacific Railroad Company. We are in accord with the position taken by the plaintiffs that there was a street shown on the original plat along the south of Block 35, one-half of which would revert to the owner of the south half of Block 35 when the plat

was vacated. We find, however, that such street was 66 feet wide for reasons hereinafter discussed. The question therefore is whether or not the tract of land sold by defendants to the plaintiffs was short 67 feet on the north and south line by 330 feet east and west, the latter distance being the width of the four lots and one-half of the vacated streets on the east and west sides of the tract.

In deeding the property in question, defendants used the description from a plat which was vacated in 1901. The deed specifically followed the lot and block description with the words "now vacated." This carries with it the legal inference that streets and alleys have reverted to the owners of the adjacent real estate, one-half on each side thereof. § 17-558, R. R. S. 1943. See, also, Village of Bellevue v. Bellevue Improvement Co., 65 Neb. 52, 90 N. W. 1002; Hart v. Village of Ainsworth, 89 Neb. 418, 131 N. W. 816.

The general rule has been stated as follows: "Where a map, plat, plan, or survey of the premises conveyed is adequately referred to in a deed, usually it is to be considered as a part of the latter instrument and construed in connection therewith; and the courses, distances, or other particulars which appear on such map, plat, plan, or survey, are, as a general rule, to be considered as the true, or part of the true, description of the land conveyed." 26 C. J. S., Deeds, § 101, p. 373. See, also, Barri v. Schwarz Bros. Co., 93 Conn. 501, 107 A. 3; Kahn v. Delaware Securities Corp., 114 Fla. 32, 153 So. 308.

Applying the foregoing rule, it is clear that the purport of the deed was to convey the title to the lots and one-half of the vacated streets and alleys to the purchaser as they are shown on the plat of the Original Town of Ogallala. In Ingraham v. Hunt, 159 Neb. 725, 68 N. W. 2d 344, we stated the rule as follows: "However, upon the execution, delivery, and acceptance of an unambiguous deed, such being the final acts of the

parties expressing the terms of their agreement with reference to the subject matter, all prior negotiations and agreements are deemed merged therein, in the absence of a preponderance of evidence clear and convincing in character establishing some recognized exception such as fraud or mistake of fact, and the deed will be held to truly express the intentions of the parties." The use of the words "now vacated" brings into play the legal effects that attach to the description used by virtue of the vacation of the plat. The fact that the street on the west side of Block 35 may have been acquired subsequently by the city for a street by prescription is not a material factor in the case.

Defendants contend that plaintiffs had knowledge that the defendants had no title to a portion of the real estate involved. The general rule is that the fact that the grantee knew at the time of the conveyance that grantor's title was defective or that the grantor had no title in a part or in the whole of the land does not affect the right of recovery for a breach of convenant. See 21 C. J. S., Covenants, § 38, p. 908. In Berry v. Crisp (Ky.), 247 S. W. 2d 384, it is stated: "The rule is that, even though the grantee knew at the time of the conveyance that the grantor did not have title to the minerals, he may recover for the breach of warranty." In Texas Company v. Snow, 172 Ark. 1128, 291 S. W. 826, it is said: "Knowledge or notice, however full, of an incumbrance, or of a paramount title does not impair the right of recovery upon covenants of warranty, as they are taken for protection and indemnity against known and unknown incumbrances or defects of title." See, also, Smiley v. Thomas, 220 Ark. 116, 246 S. W. 2d 419.

It appears from the record, therefore, that the description of the real estate conveyed by the deed was a parcel of land 330 feet wide, such distance consisting of 4 lots 66 feet wide and one-half of two vacated streets each 66 feet wide; and 165 feet in length, such distance

consisting of the following measurements: the length of the lot on the ground, 91 feet; one-half of the alley, 7 feet; the shortage of the lot, 34 feet; and one-half of the vacated street bordering the south of the lots, 33 feet.

It is the contention of the defendants that the course and distance description shown by the plat must give way to a description referring to a known monument. It is asserted that the railroad right-of-way is set out in the surveyor's certificate to the original plat of the Original Town of Ogallala as such a monument which controls the picturization of courses and distances contained in the original plat. The basis of defendants' contention that the railroad right-of-way is a monument is derived from the following language of the surveyor's certificate attached to the original plat: "* * * and that the streets alleys, lanes, avenues, squares, commons and such pieces or lots as are set apart for public village, Town, city County or railroad use or dedicated to charitable religious or Educational purposes are even and accurately staked off and marked."

We are in accord with the view that fixed monuments and surveys staked out on the ground control over field notes, showing the courses, distances, and quantities; or a description of a survey in words, or a picturization of a survey in a plat. The general rule is: "Since plats are merely a picturization of courses and distances, the statements as to conflicts between monuments and plats apply also to conflicts between the monuments marking a surveyed line and the description thereof in a course and distance description; the monuments prevail over calls for courses and distances. Of course, this is only true as to a survey marked on the ground at or before the time of the conveyance, and shown by statements in the conveyance to have been made for or adopted by the grantor." Patton on Titles, § 98, p. 328. See, also, Oregon Home Builders v. Eisman, 88 Ore. 611, 172 P. 114; Hunt v. Keye, 150 Minn. 142, 184 N. W. 840.

The above-cited cases, relied upon by the defendants,

are clearly distinguishable from the case at bar. In those cases the railroad right-of-way was referred to in the suveyor's certificate as a part of the description of the land conveyed. The boundary of the railroad right-of-way was made to coincide with the boundary of the tract conveyed. The right-of-way was used as a monument by the owner of the tract when the land was platted. But in the case here presented, the north boundary of the railroad right-of-way was not made a boundary of Block 35, nor was the south boundary of Block 35 made to coincide with the north boundary of the right-of-way. We find nothing in the surveyor's certificate that makes the north boundary of the railroad right-of-way a fixed boundary of Block 35. The words "railroad use" in the surveyor's certificate do not make the railroad right-of-way a monument. The surveyor's certificate evidences no intent that the railroad right-of-way was a fixed monument controlling the words of the grant contained in the deed. Nor is there any evidence of a survey marked out on the ground which would control over the words of the surveyor's certificate or the courses and distances shown by the plat.

The defendants, upon discovery of the shortage in the land conveyed, sought to rescind and tendered back the purchase price. The remedy ordinarily is to grant the purchaser an abatement of the purchase price in case of a deficiency in quantity. Newberg v. Chicago, B. & Q. R. R. Co., 120 Neb. 171, 231 N. W. 766. This court has held that on a sale of land by its legal description, or other specific description by which its boundaries are made certain, for a sum in gross, the boundaries will control in case of a discrepancy as to quantity; and such a sale in gross affords no remedy to the grantor or the grantee for an excess or a deficiency unless such excess or deficiency is so great as to raise a presumption of fraud. In re Estate of Robinson, 105 Neb. 1, 178 N. W. 840; O'Shea v. Hampton, 127 Neb. 60, 254 N. W. 670. But in the instant case the shortage of land is approxi-

mately 50 percent of that conveyed by the deed. Whether or not the sale was in gross is therefore immaterial. It is sufficient to raise the presumption of fraud under the foregoing rule even if it be treated as a sale in gross. The trial court was correct in abating the purchase price on a proportionate basis between the land conveyed and the shortage.

It is clear from the record, including the request for admissions contained therein, that there was no genuine issue as to any material fact in the case and that plaintiffs are entitled to a judgment as a matter of law. Under such circumstances, a motion for a summary judgment affords a proper remedy. Healy v. Metropolitan Utilities Dist., 158 Neb. 151, 62 N. W. 2d 543; Mueller v. Shacklett, 156 Neb. 881, 58 N. W. 2d 344.

The plaintiffs by cross-appeal assert that the trial court erred in holding that the street south of Block 35, as shown by the plat and surveyor's certificate, was not 166 feet in width. The surveyor's certificate states specifically that "all streets are 66 feet wide." This overcomes any inference to be drawn from the ambiguous language of the surveyor's certificate which states that: "The street on south side of R R track is 110 feet wide on the north side is 166 from center of track." The trial court correctly determined the street south of Block 35 as originally platted to be 66 feet wide. There is no merit to the cross-appeal.

The judgment of the district court is in all respects correct, and the judgment is affirmed.

AFFIRMED.