PAUL PHILLIPPE ET AL., APPELLANTS, v. ALVIN HORNS ET AL., APPELLEES.

196 N. W. 2d 382

Filed April 14, 1972. No. 38129.

Healey, Healey, Brown & Burchard, for appellants.

Wellensiek, Morrissey & Davis, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

This is a residential boundary line dispute. The district court found for the defendants, fixed the location of the boundary line, and dismissed plaintiffs' petition.

Williams Addition to Syracuse, Otoe County, Nebraska, was surveyed by the county surveyor in 1959, and dedicated in early 1960. The lots involved here are in Block 3 of that addition. The county surveyor at the time he surveyed and platted Williams Addition also staked out the lots, marking the corners with wooden stakes. Iron pipes were also driven in at the same locations as the wooden stakes. Thereafter the boundaries of particular lots were pointed out to prospective purchasers with reference to the iron pipes. C. R.

Williams was the common grantor who conveyed to both the plaintiffs and defendants. The plaintiffs purchased Lot 1 in September 1961, and Lot 2 in August of 1964. The defendants acquired Lot 4 in September 1963. Lot 4 was a triangular-shaped lot. Its easterly boundary was the westerly boundary of Lots 1 and 2. This line is the disputed boundary line.

The plaintiffs built their home on Lot 1 in 1961 or 1962. The defendants completed the construction of their home on Lot 4 in early 1964. In June 1964, the contractor for the defendants did some excavating and grading along the east boundary line of Lot 4. The lot corners were then staked. He used a string and excavated on the line between the stakes. The excavating came very close to a line of trees the plaintiffs had planted. The contractor had some conversations with the plaintiffs as to the boundary line and the plaintiffs then moved the trees several feet to the east. The defendants then erected a rock wall along the excavated line between Lot 2 and Lot 4.

There was no controversy until 1967 or 1968. In 1968, plaintiffs employed two surveyors who separately retraced the survey from the original plat. One testified that the boundary line was some 5 feet west of the stone wall erected by the defendants. The other found the line to be substantially the same and within 1 foot of that shown on the recorded plat. A third surveyor, Darrel W. Simonds, with the assistance of a contractor who had worked in the addition since 1961, made a survey in 1970. He located one stake set in concrete at the northwest corner of Lot 6. This surveyor also located an iron pipe at the southwest corner of Lot 3 and a 1¼ inch hole covered by a clay tile slab at the southeast corner of Lot 3. He also found an iron pipe at the northeast corner of Lot 2 and the southeast corner of Lot 1. Using these monuments and the lot line measurements and information given on the recorded plat, he then completed his survey. He determined

that the boundary line was 8.2 feet east of the boundary line as shown on the plat. He agreed that if reliance were placed solely on the plat without reference to the monuments he located, the other surveys would be substantially correct. His survey indicated that the entire block had been staked and located on the ground approximately 8.2 feet east of the location shown in the recorded plat.

The City of Syracuse and the Lincoln Telephone and Telegraph Company, using joint poles, set them in 1960 in Block 3 of Williams Addition. These poles were set on a north-south line between plaintiffs' and defendants' lots and in accordance with the lot stakes that were then present. The poles have not been moved since and they confirm the Simonds survey. The trial court, after viewing the premises, accepted this survey as the correct one and fixed the boundary line in accordance with it.

The plaintiffs assert that a survey based upon the original plat and survey establishes the boundary line as against miscellaneous stakes not shown to establish a consistent and accepted boundary line. The defendants assert that the original monuments fixed by the county surveyor during the survey and platting of an addition to a city will control the boundaries even though they are at a place different from that shown in the plat.

The difference is primarily in the interpretation of the facts. At this point it should be noted that the trial court found that the conveyances to the plaintiffs and defendants were from a common grantor and that the plaintiffs and defendants purchased their lots with reference to the boundary line as marked and staked on the ground by the common grantor and as surveyed and staked by the county surveyor; and that at the time of the purchases it was the intention of the common grantor and the grantees that such stakes marked the common boundary line of the lots on the ground purchased by

the plaintiffs and the defendants. That finding is supported by the evidence.

Where conveyances from a common grantor to adjoining landowners describe the premises conveyed by lot numbers, but adjoining owners purchase with reference to a boundary line then marked on the ground, the boundary line, as marked on the ground by the common grantor, is binding upon such adjoining landowners and all persons claiming under them irrespective of the length of time which has elapsed thereafter. See Thiel v. Damrau, 268 Wis. 76, 66 N. W. 2d 747. This principle was indirectly approved in Lunzmann v. Yost, 182 Neb. 101, 153 N. W. 2d 294, although in that case the facts did not support the application of the principle.

This court has consistently held that fixed monuments and surveys staked out on the ground control over field notes showing the courses, distances, and quantities; or a description of a survey in words; or a picturization of a survey in a plat. The general rule is: Since plats are merely a picturization of courses and distances, the statements as to conflicts between monuments and plats apply also to conflicts between the monuments marking a surveyed line and the description thereof in a course and distance description. The monuments prevail over calls for courses and distances. Hoke v. Welsh, 162 Neb. 831, 77 N. W. 2d 659.

The determination of the issues here rests primarily upon the facts. The trial court viewed the premises and saw and heard the witnesses. The record supports his determination. The judgment is affirmed.

AFFIRMED.