## The Chicago Anderson Pressed Brick Company

*v.*

## The City of Chicago.

*Filed at Ottawa October 31, 1891.*

1. Plats—*power of vacation.* The owner of lots 46 and 47, in block 11, of an addition to a city, by his deed duly executed, declared that he vacated the plat of such lots, and a strip thirty-three feet wide lying immediately south of such lots, which had never been laid out as a public street by the corporate authorities, and it also appeared that he owned the lots lying immediately south of such strip : *Held,* that the deed operated as a vacation of the plat of such lots, and the strip lying on the south of them.

2. Under sections 6 and 7 of chapter 109 of the Revised Statutes, any part of a plat may be vacated by the owner of such part before any lots therein are sold, or, after lots are sold, by all the owners in such part joining in the deed of vacation.

3. Same—*rights of proprietors.* The rights or privileges of the proprietors in a plat, which section 7 of chapter 109 protects, are legal rights and privileges, and such parties can not therefore be affected by the closing of streets not adjacent to their property, nor directly · affording access thereto and egress therefrom.

4. Statute construed—*section 7, chapter 109—"laid out according to law" construed.* The words in section 7 of chapter 109, "laid out according to law," plainly include the doing of those things by the proper local officers which are essential, in creating a public highway, to, authorize it to be worked and traveled, and especially the surveying, marking the corners and boundaries, and ordering it established as a highway. The affirmative action of the public authorities is indispensable in such case.

Appeal from the Circuit Court of Cook county; the Hon. Lorin C. Collins, Judge, presiding.

Mr. S. M. Millard, and Mr. A. C. Barnes, for the appellant :

Any part of a plat may be vacated in the manner provided in section 6 of chapter 109 of the Revised Statutes, provided such vacation shall not abridge or destroy any of the rights or privileges of other proprietors in such plat, and provided

further, that nothing contained in this section shall authorize the closing or obstructing of any public highway laid out according to law. Owners of lots not adjacent to a street vacated have no rights in the streets so vacated beyond that of the general public.

The rights and privileges of other proprietors in the plat, which the statute protects, are necessarily legal rights and privileges, and such parties can not be affected by the closing of streets not adjacent to their property, nor directly affording access thereto or egress therefrom. *Littler* v. *Lincoln*, 106 Ill. 353; *Chicago* v. *Building Ass.* 102 id. 379; *East St. Louis* v. *O'Flynn*, 119 id. 201.

There can be no dedication without an acceptance by the public authorities. *Hamilton* v. *Railroad Co.* 124 Ill. 236; *Littler* v. *Lincoln*, 106 id. 353.

A dedication by plat is in the nature of a mere offer to the municipality. Until the municipality accepts, it can not be bound, by *mandamus* or otherwise, to open or improve the street, and until then it necessarily can have no rights in the street, as trustee or otherwise. *Littler* v. *Lincoln*, 106 Ill. 353; *Manderhed* v. *Dubuque*, 29 Iowa, 73; *Booraem* v. *Railroad Co.* 39 N. J. 465; *Attorney General* v. *Whitney*, 137 Mass. 450; *Dowd* v. *New Orleans*, 79 S. Am. Dec. 587.

The acceptance must be before the withdrawal or abandonment of the offer to dedicate. *Littler* v. *Lincoln, supra; Winnetka* v. *Prouty*, 107 Ill. 218; *Forbes* v. *Balenseifer*, 74 id. 183; *Lee* v. *Mound Station*, 118 id. 313.

Acceptance may be shown by user by the public, (in common law dedication,) or by the acts of the public officers in repairing and keeping it up, or any other act on the part of the public which manifests an intention to accept. The public must act by its proper authorities. *Dovaston* v. *Payne*, 2 Smith's Lead. Cases, (9th Am. ed.) 1410; *Gentleman* v. *Soule*, 32 Ill. 271; *Insurance Co.* v. *Littlefield*, 67 id. 373; *Marcy* v. *Taylor*, 19 id. 635.

Mere repairing of other streets is not an acceptance. *Baker* v. *Johnston*, 21 Mich. 339; *Tucker* v. *Conrad*, 103 Ind. 349.

That there was no use or occupancy by appellee or any of its authorized agents, can not be disputed. Such use, if any, by people passing to and fro over the strip in question, could not bind the city to an acceptance. The city must act by its duly authorized agents, and do some act which clearly indicates its intention to become responsible for the street. *Gentleman* v. *Soule, supra; Littler* v. *Lincoln, supra; Tower* v. *Town of Rutland*, 7 Am. Corp. Cases; *Hamilton* v. *Railroad Co. supra;* Am. and Eng. Ency. of Law, 414.

Mr. Jonas Hutchinson, and Mr. M. W. Robinson, for the appellee:

A proprietor making a statutory dedication has no fee in the street to convey. The offer to the public is absolute and continuing, and can not be withdrawn by him except by the vacation thereof in the particular manner, and subject to the conditions, provided by statute for vacation of plats. *Waugh* v. *Leech*, 28 Ill. 492; *Gebhardt* v. *Reeves*, 75 id. 307; *Brooklyn* v. *Smith*, 104 id. 436; *Lake View* v. *LeBahn*, 120 id. 92.

Acceptance by the municipality or by the public is necessary to be shown in cases where it is sought to establish a common law dedication, or where the municipality is sought to be charged with the liability for maintaining a highway, or where questions may arise as to the reversion of title in streets laid out in a proposed subdivision which has subsequently been vacated by the proprietor. 2 Dillon on Mun. Corp. (3d ed.) secs. 628, 632, and cases cited; sec. 642, and cases cited; *Hamilton* v. *Railroad Co.* 124 Ill. 235; 5 Am. and Eng. Ency. of Law, 412.

The statute provides that the owner of premises platted may vacate any part of a plat, under the expressed restriction that such a vacation shall not abridge or destroy any of the rights or privileges of other proprietors in such plat, and the further:

restriction that no public highway laid out according to law shall be closed or obstructed by such vacation. Hurd's Stat. of 1889, p. 1008, chap. 109, sec. 7.

This statute does not authorize the owner of a few lots in any subdivision, under the pretext of vacating a part of a plat, to vacate a street. A street can only be vacated by an exercise of municipal authority in the manner pointed out in the statute concerning the vacation of streets, alleys and highways. Hurd's Stat. of 1889, p. 1389, chap. 145.

The right of a proprietor of any land in a plat extends to have all streets remain public which were marked as streets on the plat exhibited by the proprietor, or by which such lots were sold. 2 Dillon on Mun. Corp. (3d ed.) sec. 640, and cases cited in note 2; 2 Smith's Lead. Cases, 181; *Leech* v. *Waugh*, 24 Ill. 228; *Rowan* v. *Portland*, 8 B. Mon. 232.

The owner of lots abutting on one side of a street can not vacate a street. *Leech* v. *Waugh*, 24 Ill. 228.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The object of this litigation is to judicially determine whether a certain strip of land is a part of one of the streets of the city of Chicago. The strip is marked on the plat of Fullerton's addition to the city of Chicago as a part of a street designated, respectively, "West Asylum Place" and "Webster avenue." It is contended on behalf of appellant that the plat fails to show an intent to dedicate the strip as a part of the street, and, also, that the evidence fails to show an acceptance of the dedication, if there was one, by the city. We do not, however, in the view we take of the case, find it necessary to pass upon either of these questions.

The evidence shows that appellant, by a deed acknowledged on the 9th of February, 1887, and filed for record on the same day, vacated that part of the plat of Fullerton's addition to Chicago described therein as lots 46 and 47, in block 11, and,

a strip of land thirty-three feet in width from north to south, lying immediately south of and adjoining said lots, and running east from the eastern line of Elston avenue to the right of way of the Chicago and Northwestern Railroad Company. The deed recites that appellant is the owner of this property, and also that it is owner of lot 7, in block 16, in Sheffield's addition to Chicago, immediately adjoining said strip of land on the south thereof, and it also further recites that no other person or corporation is interested in the premises, or any part thereof. No individual is claiming rights under the dedication created by the filing of the plat, and the only question we think necessary for our consideration is, whether, as between appellant and appellee, this deed vacates so much of the Fullerton plat as it assumes to vacate. Since no objection is taken to the form or to the execution of the deed, we shall assume it to be sufficient in these respects.

It is provided by section 7 of chapter 109 of the Revised Statutes of 1874, entitled "Plats," that "any part of a plat may be vacated in the manner provided in the preceding section, and subject to the conditions therein prescribed : *Provided,* such vacation shall not abridge or destroy any other rights or privileges of other proprietors in such plat: *And provided further*, that nothing contained in this section shall authorize the closing or obstructing of any public highway laid out according to law." The conditions prescribed in the preceding section are, simply, first, that the vacation shall be before any lots are sold; or, second, if any lots are sold, all the owners of lots in such plat shall join in the deed of vacation. And as a qualification to the language of the section 7, the meaning is, clearly, any part of a plat may be vacated by the owner of such part before any lots therein are sold, or, after lots are sold, by all the lot owners in such part joining in the deed of vacation. Here appellant is the owner of all the lots in the part claimed to have been vacated, and so the conditions are complied with.

"The rights or privileges of other proprietors in the plat," we said in *Littler* v. *City of Lincoln*, 106 Ill. 367, "which the statute protects, are necessarily legal rights and privileges, and such parties can not, therefore, be affected by the closing of streets not adjacent to their property, nor directly affording access thereto and egress therefrom. *Chicago et al.* v. *Union Building Ass.* 102 Ill. 379.) (See, also, to like effect, *City of East St. Louis* v. *O'Flynn*, 119 Ill. 200.) The record clearly shows that there are no proprietors in the plat, other than appellant, to whose property the strip of ground here in controversy is adjacent, or who can, in a legal sense, in anywise be affected by withdrawing this strip from public use. There is no "public highway, laid out according to law," across the land the plat whereof is assumed to be vacated by appellant's deed of vacation. The words "laid out according to law" have a well known meaning under our statutes, and they plainly include the doing of those things by the proper local officers which are essential in creating a public highway, to authorize it to be worked and traveled, and especially the surveying, marking the course and boundaries, and ordering it established as a highway. The affirmative action of the public authorities is indispensable in such case. There is no pretense that any action of the public authorities was here ever had designating the course or boundaries, etc., of any highway over the strip in dispute, or accepting it and ordering it worked as a highway. The evidence is clear that the strip in dispute, though traveled by foot passengers, was never opened and used as a way for vehicles, and that there was never any work by the public upon it opening and improving it as a street.

We think the court erred in dismissing the bill, and for that error the decree is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Decree reversed.*