Krueger v. Jenkins.

ANNA D. KRUEGER V. JOHN JENKINS ET AL. ·

FILED FEBRUARY 9, 1900. No. 9,146.

1. **Country Road: TITLE: ADVERSE POSSESSION.** Title to a part of a country road can not be acquired by adverse possession.

2. **Abandonment of Highway: UNUSED PARTS: STATUTE.** The proviso of section 3, chapter 78, Compiled Statutes, 1899, "That all roads that have not been used within five years shall be deemed vacated," applies only to roads which have been entirely abandoned. It does not apply to the unused parts of a road lying on either side of the line of travel.

ERROR from the district court of Douglas county. Tried below before KEYSOR, J. *Affirmed.*

*Charles W. Haller*, for plaintiff in error, argued that an injunction would be allowed in a proper case of this kind; the reply alleged an adverse possession against a private person. The statute of limitations applies to counties. The maxim, *Nullum tempus occurrit regi*, had no application to cities and school districts; and cited *Zimmerman v. County of Kearney*, 33 Nebr., 620; *Republican Valley R. Co. v. Fink*, 18 Nebr., 82; *Schock v. Falls City*, 31 Nebr., 599; *Meyer v. City of Lincoln*, 33 Nebr., 566; *May v. School District*, 22 Nebr., 205; Compiled Statutes of Nebraska, ch. 18, art. 1, sec. 20 and the sections following; *Brewer v. Otoe County*, 1 Nebr., 373; *May v. School District*, 22 Nebr., 205; *Callaway County v. Nolley*, 31 Mo., 393; 1 Wood, Limitations [2d ed.], sec. 53; Buswell, Limitations & Adverse Possession, sec. 98, last foot-note; Compiled Statutes of Nebraska, Code Civ. Proc., sec. 1121, or Laws of Nebraska, 1881, ch. 32; Compiled Statutes of Nebraska, ch. 78, sec. 3.

The name of *H. L. Day* was printed upon the plaintiff's brief as appearing for the defendant in error. But he filed no brief, and made no argument.

45

SULLIVAN, J.

This action was commenced by Anna D. Krueger against the county of Douglas and its commissioners to enjoin the appropriation for road purposes of a small piece of land claimed by plaintiff as part of her farm. The defendants answered the petition, alleging that the *locus in quo* had been duly condemned and set apart as a highway. The reply admitted the condemnation proceedings, but alleged by way of avoidance that the public had lost its rights by non-user and a continuous adverse occupancy for more than ten years by the plaintiff and her predecessors in title. The court sustained a general demurrer to the reply, and gave judgment in favor of the defendants. The petition in error presents two questions for decision.

It is first contended that the plaintiff, and those through whom she claims title, having inclosed the disputed strip and occupied it exclusively under a claim of ownership for more than ten years, the rights of the public had become extinguished before the present controversy arose. In support of this proposition reference is made to *May v. School District*, 22 Nebr., 205 and *Meyer v. City of Lincoln*, 33 Nebr., 566. In the first of these cases it was held that a school district may avail itself of the statute of limitations as a defense to an action brought to enforce payment of a warrant issued by its authority. The correctness of the decision is not doubted, but its relevancy is denied. It is difficult to understand how the maxim, *Nullum tempus occurrit regi*, could be applied so as to prevent a municipal or public corporation from alleging the statute of limitations as a defense to an action on a stale claim. The second case decides that a party may acquire title to a portion of a city street by continuous adverse occupancy, under a claim of right, for ten years. The doctrine of this case, which is sanctioned by many decisions in other jurisdictions, was approved in *Lewis v. Baker*, 39 Nebr., 636, where it was held: "When

a person has been in the actual, visible, exclusive, and uninterrupted possession of a portion of a street in a city, under a claim of right, for ten years, the title thereto vests absolutely in such occupant." It would seem that there is in this state much reason for holding that incorporated cities should, in actions relating to their streets, be subject to the operation of the statute of limitations. They own in fee simple the streets, alleys and other public places within their corporate limits. See Compiled Statutes, 1899, ch. 14, art. 1, secs. 104, 106. They may maintain ejectment to recover possession of them; they may, speaking generally, vacate them either in whole or in part. The right is even given to sell and dispose of them, and apply the money derived from the sale to any legitimate municipal purpose. See Compiled Statutes, 1899, ch. 14, art. 1, sec. 77. In other words, municipal corporations are invested with a sort of proprietary interest in this class of property, and may be required, therefore, to guard it with the same degree of vigilance as that which is exacted of private owners. It is believed that the authorities are all agreed upon the proposition that as to property which is held in private ownership, and not upon public trusts, municipal corporations are on the same footing with private individuals and equally affected by the limitation laws. See *Powers v. Council Bluffs*, 45 Ia., 652; *Evans v. Erie County*, 66 Pa. St., 222; 2 Dillon, Municipal Corporations [3d ed.], 676.

The right involved in this litigation is one belonging exclusively to the public at large. Neither Douglas county nor its citizens have any peculiar interest in it. A county does not hold the legal title to country roads within its borders; it has no power of disposition over them; it has no proprietary interest in them; in performing the duties with which it is charged in connection with them, it acts as an agent of the state, and in the interests of the general public. A county being a mere political subdivision of the state, created for the

purposes of government, it ought not to be bound by limitation laws any more than the state itself. And, as to property or rights held exclusively in trust for the general public, the decided weight of authority is that such laws have no application. But this question is no longer one of general interest, and the discussion of it will not be further extended. The legislature of 1899 added to section 6 of the Code of Civil Procedure the following proviso: "Provided, however, that there shall be no limitation to the time within which any county, city, town, village or other municipal corporation may begin an action for the recovery of the title or possession of any public road, street, alley or other public grounds or city or town lots." This amendment can not, of course, have any effect upon the decision of this case, and, without being in any degree influenced by it, we hold that the plaintiff could not, by encroaching upon the highway and setting up a nuisance, divest the public of the rights which it acquired by the condemnation proceedings.

The next contention of the plaintiff is that the part of the road now in dispute became vacated by non-user under section 3 of the road law. See Compiled Statutes, 1899, ch. 78, sec. 3. This section provides: "All roads within this state which have been laid out in pursuance of any law of this state, or of the territory of Nebraska, and which have not been vacated in pursuance of law, are hereby declared to be public roads; Provided, That all roads that have not been used within five years shall be deemed vacated." Considering that county roads are scarcely ever used to their full width, the construction for which plaintiff contends would, if it were sustained, be disastrous to the interests of the public. But such construction is not admissible. The law has reference to entire roads, not to the unused parts of a road, lying on the sides of the beaten path. Discussing this subject, Johnston, J., in *Webb v. Butler County*, 52 Kan., 375, 34 Pac. Rep., 973, said: "It is clear that the vacation statute invoked was never intended to vacate a part of the width

of a road not actually used where there is travel over the entire length of such road."

The judgment of the district court is right, and is

AFFIRMED.