JAMES H. HART ET AL., APPELLEES, V. VILLAGE OF AINS-
WORTH, APPELLANT.

FILED MAY 23, 1911. No. 16,473.

Municipal Corporations: PLATTED LAND: VACATION OF PLAT: STREETS:
REVERSION. When the recorded plat of an addition to a village,
or some definite part thereof, has been duly vacated by a written
instrument declaring the same to be vacated, duly executed, and
recorded as the statute provides, and none of the streets laid out
or described in such plat is a public highway laid out according
to law, and no rights or privileges of other proprietors in said
plat are abridged or destroyed, such vacation of the plat divests
all public rights in the streets shown therein, and such vacated
streets are the property of the proprietors of the adjoining lots.

APPEAL from the district court for Brown county:
WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*William M. Ely,* for appellant.

*A. W. Scattergood, contra.*

SEDGWICK, J.

The plaintiffs brought this action in the district court
for Brown county to quiet their title to certain lands in the
defendant village. There was a general demurrer to the
petition, which was overruled, and, the defendant refusing
to plead further, a decree was entered for the plaintiffs.
The defendant has appealed.

The petition alleges that in 1884 one Nannie J. Osborne,
who was unmarried, "made, executed, acknowledged and
recorded her certain town plat whereby she laid out and
platted a portion of land (describing it) into an addition
to the village of Ainsworth, to be called and known as
'Osborne's Third addition' to said village," and that these
plaintiffs were the owners of all the lots in certain blocks
of said plat on the 18th day of November, 1908, and on
that day duly vacated the same. The petition also alleges
the vacation as the statute provides may be done, and that

the plaintiffs have been in the exclusive possession of the said lands, including the streets, for more than ten years prior to the commencement of the action, and that during that time none of the streets in question have ever been traveled or worked in any manner by the village, but have been occupied by the plaintiffs for agricultural purposes, and the defendants now claim to own the said streets, and have destroyed the plaintiffs' fence around the lands described and threaten to destroy it as often as it shall be built. No question is made as to the form of the action, and there is no controversy between the parties, except as to the ownership of the streets shown upon a platted addition to a village, which plat has been duly vacated by all of the lot owners.

It is contended by the defendant that, when the plat of an addition to a village is made and recorded, the village becomes the absolute owner of the streets shown upon the plat, and, if a plat is duly vacated under the provision of the statute, the village is the owner of the streets. Section 106, art. I, ch. 14, Comp. St. 1909, provides: "The acknowledgment and recording of such plat is equivalent to a deed in fee simple of such portion of the premises platted as is on such plat set apart for streets or other public use, or as is thereon dedicated to charitable, religious, or educational purposes." The following sections provide for vacating plats: Section 108. "Any such plat may be vacated by the proprietors thereof at any time before the sale of any lots therein, by a written instrument declaring the same to be vacated, duly executed, acknowledged, or proved and recorded in the same office with the plat to be vacated; and the execution and recording of such writing shall operate to destroy the force and effect of the recording of the plat so vacated, and to divest all public rights in the streets, alleys, commons, and public grounds laid out or described in such plat. And in cases where any lots have been sold, the plat may be vacated, as herein provided, by all the owners of lots in such plat joining in the execution of the writing aforesaid." Section 109.

"Any part of a plat may be vacated under the provisions and subject to the conditions of this chapter; provided, such vacating does not abridge or destroy any of the rights and privileges of other proprietors in said plat; and provided, further, that nothing contained in this section shall authorize the closing or obstructing of any public highway laid out according to law." Section 110. "When any part of a plat shall be vacated as aforesaid, the proprietors of the lots so vacated may inclose the streets, alleys, and public grounds adjoining said lots in equal proportion." The provisions of these sections seem to be plain. When any lots have been sold, the owners of the lots, if they all join, may vacate the plat in the same way that the original proprietor might have done, and the execution and recording of the writing vacating the plat by the proprietors "shall operate to destroy the force and effect of the recording of the plat so vacated, *and to divest all public rights in the streets, alleys, commons, and public grounds laid out or described in such plat.*" Any part of a plat may be vacated in the same way by all of the owners of the lots, and the only restriction on so doing is that such vacation will not abridge or destroy any of the rights or privileges of any other proprietors in said plat, and must not close or obstruct "any public highway laid out according to law." It is further provided that after the plat has been so vacated the proprietors of the lots "may inclose the streets, alleys, and public grounds adjoining said lots in equal proportion." These provisions of the statute are clear and certain, and provide that when the plat is properly vacated the streets and alleys belong to the lot owners, except public highways laid out according to law.

As we have already seen, the petition plainly alleges that none of these streets are public highways or have been laid out or used as such. There would therefore be no apparent difficulty in the case, if it were not for the decision of this court in *Krueger v. Jenkins*, 59 Neb. 641, which is quoted and approved in *City of Wahoo v. Netha-*

*way*, 73 Neb. 54, and another provision of the statute in regard to streets in cities and villages which is cited in those opinions. Section 77, art. I, ch. 14, Comp. St. 1899, provides: "The city shall have power by ordinance to sell and convey all public squares, streets, and alleys within the cities or villages," with a proviso in regard to objections that may be made by parties who are interested. This statute is referred to in *Krueger v. Jenkins, supra*, and it is said in the opinion: "They own in fee simple the streets, alleys, and other public places within their corporate limits. See Comp. St. 1899, ch. 14, art. I, secs. 104, 106. They may maintain ejectment to recover possession of them, they may, speaking generally, vacate them either in whole or part. The right is even given to sell and dispose of them, and apply the money derived from the sale to any legitimate municipal purposes." The action was by a landowner to enjoin the county commissioners from appropriating a certain piece of land for road purposes, and the question was whether the landowner could acquire a right to the land by adverse possession and occupancy for more than ten years. It was decided that she could so acquire the right to the land, and, to distinguish that case from former decisions in which it had been held that cities and villages were "subject to the operation of the statute of limitations," the court called attention to the difference in the statutes in regard to the rights of the public in streets in cities and villages and the statutes in regard to those rights in public roads outside of cities and villages. It was not necessary in that case to determine the force and effect of the various statutes in regard to the title to streets in cities and villages. It must also be considered that the statute in the case referred to relates to streets as such; that is, as public highways in the city or village, and not to such as are only nominal streets designated in the plats but never used as public highways. The sections of the statutes quoted in this opinion are continued by the same designation in the Compiled Statutes of 1909. Cities

and villages may lay out and open new streets, and for that purpose may purchase lands. They also may vacate streets and alleys. When they have purchased lands for such purpose or streets have been duly opened and have become thoroughfares, the statute protects the title which the city or village has so acquired. The vacation of the plat shall not "authorize the closing or obstructing of any public highway laid out according to law." Questions might arise upon these statutes as to ownership of vacated streets that are not presented by this record. In this case it does not appear whether the lands platted were within, or ever became a part of, the village. It does appear that none of the streets designated upon the plat had ever been accepted by the village, or used as a street. In such case the plat may be vacated, all owners of the lots joining, and such vacation operates "to destroy the force and effect of the recording of the plat so vacated, and to divest all public rights in the streets," and the proprietors of the lots "may inclose the streets * * * adjoining said lots in equal proportion." If there were streets in this vacated plat that had been opened as such and were in use by the general public, it might be necessary to consider the apparent conflict in these statutes and to determine the rights of the public in such thoroughfares. No such condition, however, is presented in this case.

We think, therefore, that the petition states a cause of action, and that the judgment is correct. It is therefore

AFFIRMED.