DOUGLAS COUNTY, APPELLANT, V. PAPILLION DRAINAGE DISTRICT ET AL., APPELLEES.

FILED JANUARY 16, 1913.   No. 16,888.

1. Drains: RIGHT TO CROSS HIGHWAYS: STATUTE: CONSTITUTIONALITY. Section 24, art. V, ch. 89, Comp. St. 1911, providing as to drainage districts organized under that article that "said district may dig ditches and drains under and across railroads and public highways," is not unconstitutional, as violative of the provision that "the property of no person shall be taken or damaged for public use without just compensation therefor." Const., art. I, sec. 21.

2. ———: ———: CONDITIONS. The legislature may grant drainage districts the right to cross highways, and if it imposes no conditions for the exercise of this right the county authorities can impose none.

APPEAL from the district court for Douglas county: ABRAHAM L. SUTTON, JUDGE. *Affirmed.*

*James P. English* and *George A. Magney,* for appellant.

*Courtright & Sidner, contra.*

LETTON, J.

This is an action brought by Douglas county to restrain the Papillion Drainage District from digging drainage ditches across public roads in Douglas county. No con-

sent was given by the county authorities to cross the
roads, and no condemnation proceedings had been had.
The injunction was denied, and the county appeals.

The Papillion Drainage District was organized under
and by virtue of chapter 153, laws 1907 (Comp. St. 1911,
ch. 89, art. V), which contains the following provision
relied upon by defendants to give authority to cross pub-
lic roads without securing the right of way as they must
do over private property: "Section 24. Said district
may dig ditches and drains under and across railroads
and public highways." The county takes the position that
section 24 is unconstitutional and void, as violative of the
provision of the constitution that "the property of no
person shall be taken or damaged for public use without
just compensation therefor." Const., art. I, sec. 21. We
are of the opinion that this provision of the constitution
is not involved. The public roads are not "the property
of 'any' person." They are public easements under the
full control of the legislature, which may authorize them
to be used by other public or *quasi*-public agencies, with
or -without such restrictions as it may deem proper. El-
liott, Roads and Streets (3d ed.) sec. 509 (421). In
*Krueger v. Jenkins*, 59 Neb. 641, it is said: "The right
in this litigation is one belonging exclusively to the public
at large. Neither Douglas county nor its citizens have
any peculiar interest in it. A county does not hold the
legal title to county roads within its borders; it has no
power of disposition over them; it has no proprietary in-
terest in them; in performing the duties with which it is
charged in connection with them, it acts as an agent of the
state, and in the interests of the general public." *Alt v.
State*, 88 Neb. 259. The license to cross the highway given
by the legislature was within its powers to grant. The
duty, being cast by law upon the defendants to restore
the highway, relieves the county from any pecuniary out-
lay on account of the cutting of the road. The legisla-
ture having imposed no condition upon the license to en-

ter conferred upon the district, we find no warrant for the county authorities to do so.

The judgment of the district court is therefore

AFFIRMED.