DE FOREST D. JOHNSON ET AL., APPELLEES, v. HERMAN P. BUHMAN ET AL., APPELLANTS.

FILED APRIL 16, 1915. No. 18026.

Municipal Corporations: VACATION OF ALLEY. The syllabus in *Hart* v. *Village of Ainsworth*, 89 Neb. 418, re-examined and approved, and the law as therein announced *held* applicable to and decisive of this case.

APPEAL from the district court for Colfax county: CONRAD HOLLENBECK, JUDGE. *Affirmed.*

*Courtright & Sidner* and *George W. Wertz,* for appellants.

*William V. Allen* and *William L. Dowling, contra.*

FAWCETT, J.

The controversy in this case is over a strip of ground 20 feet wide, running east and west in block 7, Railroad addition to the village of Leigh, bounded on the north by lots 1 to 6, inclusive, and on the south by lot 7, all in said block 7. The east end of the strip connects with Elm street, and the west end with an alley running north and south through the middle of the block. Plaintiffs instituted this suit in the district court for Colfax county to restrain the defendants Buhman, Hahn and Glandt, as trustees, defendant Lee, as village marshal, and defendant McMullen, as street commissioner, from trespassing upon the strip named, or in any manner interfering with plaintiffs in their exclusive possession thereof. From a judgment granting an injunction as prayed, defendants appeal.

Block 7 was platted July 2, 1886. Subsequently plaintiffs became the owners of the seven lots above referred to, through which the strip in controversy, designated on the plat as an alley, runs. Their contention is that the village never accepted the dedication of this alley, that the public never entered upon the use of it, but that at all times until 1909 the strip had been used by the owners of lots 1 to 7, inclusive, in connection therewith, as one entire body of land, and as such had been improved and built upon; that in June, 1909, the village authorities, by the performance of certain acts, specifically set out, attempted to take possession of and assume control over the strip, which attempt was resisted by plaintiffs; that in April, 1910, the plaintiffs duly executed and filed, in accordance with the provisions of statute, a deed vacating the plat, so far as it affected the seven lots and strip of land in controversy; that thereafter and until December, 1910, defendants desisted from further trespassing upon the

premises, and that plaintiffs restored their fences around the same, and otherwise repaired the injury which defendants had previously done; that on the last-named date defendants unlawfully broke and entered upon the premises, and forcibly removed the fences; and that, if not restrained, they will continue their attempts to open the strip of ground in question as an alley. This last allegation is admitted. The district court, at the close of the trial, June 5, 1912, took the case under advisement, and the parties were given leave to file briefs in support of their respective contentions. October 23 the court entered its findings that the strip of ground in controversy is the property of plaintiffs as owners of the lots adjoining and abutting thereon, that it is not and never has been any part of the public streets or alleys of the village, that neither the defendants nor their successors in office have any right to disturb or molest plaintiffs in the peaceable possession and occupancy of said strip, by trespassing thereon or threatening to open the same as a public street or alley, and perpetually enjoined defendants and their successors in office from so doing.

Defendants' principal contentions are that the deed of vacation was not operative, for the reason that it abridged and destroyed the rights and privileges of other proprietors in the plat; that it seeks to close and obstruct a highway laid out according to law; that it should have been signed by all the owners of the plat, and was not sufficient when signed by only the owners of the tract sought to be vacated. The evidence clearly sustains the judgment of the district court. It shows to our entire satisfaction that the vacation of this strip of land or alley did not in any manner abridge or destroy any of the rights or privileges of other proprietors in the plat. Conceding that the strip of land had been laid out as an alley by the original plat, the village officers and other proprietors within the plat had by their laches become estopped to claim any right to enter upon and take possession of this strip as an alley. For over 20 years after the filing of the plat they had stood by and seen plaintiffs and their grantors in possession

of and using this strip of land in connection with their lots on each side thereof as one tract, in a manner which clearly indicated an intention to hold possession by plaintiffs under a claim of ownership. Moreover, if plaintiffs had not inclosed and used this strip of ground prior to the time of filing their deed of vacation, and during all of those years the strip had been separated from plaintiffs' lots on the north and on the south by fences, but had never been used by the public nor any act done by the village authorities indicating an intention to open and use the same as an alley, the deed of vacation would have been effectual to vest in plaintiffs the absolute ownership of and control over the strip in question. *Hart v. Village of Ainsworth*, 89 Neb. 418.

We think further discussion is really unnecessary. First street and Short street on the south, Second street on the north, Main street on the west, Elm street on the east, and the alley running north and south through the middle of block 7, afford every proprietor of lots in block 7 access to his property.

We are unable to discover any theory upon which we would be justified in interfering with the judgment of the district court. It is therefore

AFFIRMED.

ROSE and SEDGWICK, JJ., not sitting.