VILLAGE OF HAY SPRINGS ET AL., APPELLEES, V. HAY SPRINGS
COMMERCIAL COMPANY ET AL., APPELLANTS.
HORN & MORGAN, INC., APPELLANT, V. VILLAGE OF HAY
SPRINGS ET AL., APPELLEES.

FILED MAY 29, 1936.   No. 29499.

_A. C. Plantz,_ for appellants.

_E. D. Crites_ and _F. A. Crites, contra._

Heard before GOSS, C. J., ROSE and DAY, JJ., and ELDRED and TEWELL, District Judges.

ELDRED, District Judge.

These two cases were consolidated for trial and appeal. The first action was brought by the Village of Hay Springs and a number of individuals, taxpayers and freeholders residing within the village, against the Hay Springs Commercial Company and others, to cancel certain deeds of vacation made by the defendants as abutting landowners, purporting to vacate a portion of North Third street in said village, being a portion of the original town plat of Hay Springs; and plaintiffs, by this first action, also seek to vacate a certain plat and deed of dedication of Highway Addition to said village of Hay Springs.

The second suit was brought by Horn & Morgan, Inc., formerly Hay Springs Commercial Company, to enjoin the village and the authorities thereof from shutting off the water supplied from the municipal water system to a gasoline filling station of Horn & Morgan, Inc., located on a portion of North Third street vacated by the vacation deeds involved in the first case.

The trial court granted a decree for the plaintiffs in the first case and in favor of the defendants in the second case. Defendants in first suit, and plaintiff in second suit, have appealed.

Blocks one, two, three and four of the original town, Hay Springs, are located along the north side of said original town as platted in 1885, being numbered from east to west. Said four blocks all abut on North Third street of said original town plat; which street is located immediately north of said four blocks; extending from Miller street on the east side of block one to Post street

on the west side of block four. North Third street never extended east of Miller street, nor west of Post street, although there are other platted grounds immediately east of Miller street and immediately west of Post street, in both instances extending north to Line avenue. Along the north side of North Third street was a tract of land, designated as "Outlot B;" said tract being about 31 feet wide on the west end and about 22 feet wide on the east end, 1,360 feet long, and extending from Miller street to Post street. Immediately north of Outlot B is Line avenue (the center line being a section line) a graveled highway, now a part of state and federal Highway No. 20. No streets or alleys were originally laid out or dedicated through Outlot B.

In June, 1927, all of the owners of lots and lands abutting on North Third street in blocks one, three and four, and also of Outlot B, executed, acknowledged and caused to be recorded deeds vacating that portion of North Third street lying north of said three blocks, but dedicating alleys 20 feet in width prolonging the alleys extending north and south through blocks one, three and four of the original town plat, over and across the property vacated, and through Outlot B to Highway No. 20. The situation may be more readily understood by reference to the following outline of that portion of the plats involved herein. The boundary to Highway Addition, later referred to, is indicated by the broken lines:

The vacation proceedings involved were had under sections 17-418 and 17-419, Comp. St. 1929:

Section 17-418. "Any such plat may be vacated by the proprietors thereof, at any time before the sale of any lots therein, by a written instrument declaring the same to be vacated, duly executed, acknowledged or proved and recorded in the same office with the plat to be vacated; and the execution and recording of such writing shall operate to destroy the force and effect of the recording of the plat so vacated, and to divest all public rights in the streets, alleys, commons and public grounds laid out or described in such plat. In cases where any lots have been sold, the plat may be vacated, as herein provided, by all the owners of lots in such plat joining in the execution of the writing aforesaid."

Section 17-419. "Any part of a plat may be vacated under the provisions and subject to the conditions of this chapter: Provided, such vacating does not abridge or destroy any of the rights and privileges of other proprietors in said plat; and provided, further, nothing contained in this section shall authorize the closing or obstructing of any public highways laid out according to law."

No objection is made as to the sufficiency of the vacation deeds in substance or manner of execution; and it is contended by the appellants that, having proceeded in a manner clearly authorized by such statute, the deeds of vacation should be upheld.

It will be noted that said section 17-419 makes the right to vacate a part of a plat subject to two conditions: First, that "such vacating does not abridge or destroy any of the rights and privileges of other proprietors in said plat." The rights and privileges of any proprietor of the plat, in a position to complain, were not abridged or destroyed by the vacation deeds in this case. All owners of lands abutting on the vacated portion of North Third street joined in the execution of the deeds of vacation. The record does not disclose that the appellees herein, or any of them,

are the owners of any real estate abutting on that portion of North Third street vacated.

The village pumping station used in connection with its water system is located in North Third street between block two and Outlot B. While the record discloses that water mains have been laid in that portion of North Third street north of block two connecting the wells and pumps with the distributing system of the village, the record does not disclose any of the water distributing system to be located upon that portion of North Third street vacated by the deeds involved herein.

Appellees urge the insufficiency of the deeds of vacation on account of the owner of the south half of lots 30 to 35, inclusive, in block three, not having joined therein. It appears that, while the owners of the north half of said lots 30 to 35 inclusive, abutting on North Third street, signed the deeds of vacation, the owner of the south half of said lots did not do so. The south half of said lots is owned by a stranger to the record. These lots are 100 feet in length, extending from north to south. The south half thereof does not abut upon any part of the street vacated. Section 17-419, Comp. St. 1929, does not require that the parties executing vacation deeds should own the abutting lands extending any particular distance from the line of the street vacated; nor does it require that such signers should own the entire lot or tracts abutting on such streets. We have been cited to no authority supporting such contention, and conclude such holding would not be justified.

The vacation of that portion of North Third street involved in this action does not interfere with ingress or egress to and from the property owned by the appellees, or any of them, and no rights or privileges of any proprietor of land in such plat are abridged or destroyed by such vacation. *Chicago Anderson Pressed Brick Co. v. City of Chicago*, 138 Ill. 628, 28 N. E. 756; *Conner v. Iowa City*, 66 Ia. 419, 23 N. W. 904; *Lorenzen v. Preston*, 53 Ia. 580, 5 N. W. 764; *Hart v. Village of Ainsworth*, 89 Neb. 418, 131 N. W. 816.

By the second condition of said section 17-419 it is provided: "Nothing contained in this section shall authorize the closing or obstruction of any public highways laid out according to law."

This court has recognized the distinction between streets as such; that is, as public highways in the city or village, and those which are only nominal streets, designated on the plats but never used as public highways. *Hart v. Village of Ainsworth, supra.*

"The words 'laid out according to law' have a well-known meaning, under our statutes, and they plainly include the doing of those things by the proper local officers which are essential in creating a public highway, to authorize it to be worked and traveled, and especially the surveying, marking the course and boundaries, and ordering it established as a highway. The affirmative action of the public authorities is indispensable in such case." *Chicago Anderson Pressed Brick Co. v. City of Chicago,* 138 Ill. 628, 28 N. E. 756.

"The term 'highway,' in Code, section 919, providing that any part of a plat may be vacated by the proprietor thereof, but nothing therein contained shall authorize the closing or obstruction of the highways, means a traveled street, as distinguished from a mere space laid out between lots." *Chrisman v. Omaha & C. B. R. & B. Co.,* 100 N. W. 63 (125 Ia. 133).

It is not contended in this case that the street in question was ever laid out or established as a public highway under the general provisions of our statute relating to the establishment of highways. By stipulation in the record: "It is conceded that there never has been any vehicular travel from one end of North Third street to the other in a continuous line, and that said North Third street never has by the village authorities been placed in a proper condition for vehicular travel east and west." East and west travel in that locality has been over Line avenue, Highway No. 20. Sidewalks have been constructed north and south across North Third street on each side of the intersection of

that street with Main street, and on the east side of the intersection of that street with Baker street; sidewalks in said location have existed for many years.

In 1927 the village constructed concrete curbs and gutters extending north and south across North Third street on both east and west sides of intersection of that street with Baker, Main and Chambers streets, and on east side of the Post street intersection and the west side of the Miller street intersection with said North Third street. For many years a number of roadways made by vehicular travel and a number of footpaths have extended from the alleys through said blocks one, three and four diagonally across North Third street and across Outlot B to Line avenue. None of said roadways so made by vehicular travel extends in a general east and west direction through said North Third street, and said street has never been opened, worked, maintained or used by the general public as a highway.

It was stipulated that curbs and gutters were constructed across said North Third street about the year 1927. Whether any of them were constructed prior to the recording of the deeds of vacation on June 29 of that year does not appear. The sidewalks, curbs and gutters across North Third street at intersections of said street with Post, Chambers, Main, Baker and Miller streets were apparently not constructed as an improvement of North Third street for travel in an easterly and westerly direction, but rather as an improvement and in the maintaining of the other streets named, for travel in a northerly and southerly direction.

Neither the filing of the plat showing a street at the location designated as North Third street, nor the passing of an ordinance in 1886 accepting the plat and dedication, constituted such street "a public highway laid out according to law," where, as in this case, there was never any work performed by the public authorities opening, improving or maintaining it as a street, and said street was not opened up or used as a public way for vehicular travel.

It was a nominal street only. *Hart v. Village of Ainsworth,* 89 Neb. 418, 131 N. W. 816; *Johnson v. Buhman,* 98 Neb. 236, 152 N. W. 403.

As applicable to the provisions of the statute involved in the instant case, appellees contend: "Legislation granting to private persons authority to vacate highways, streets and alleys regardless of the rights and necessities of the public and of the individual owners of adjoining property amounts to an attempt to delegate legislative functions, and is unconstitutional and void." Such contention is apparently based on the assumption that the title to that portion of the platted grounds, as is on such plat set apart for streets, was at once vested in the village upon the plat being filed. Appellees, in their brief discuss the subject at considerable length, citing many authorities on nonuser, abandonment and adverse possession. But, in the light of the conclusions of this court already mentioned, that under the facts in this case the title to the vacated portion of North Third street was never vested in the village, the question of nonuser, abandonment and kindred questions are not involved; and counsel, in pursuing such discussion, assumes a wrong premise. The provisos of section 17-419, Comp. St. 1929, fully protect the public and adjoining proprietors in the constitutional rights urged by counsel in this case. The question of the constitutionality of sections 17-418, 17-419 and 17-420, Comp. St. 1929, is not involved herein.

This court having reached the conclusion that the deeds of vacation did not abridge or destroy any of the rights and privileges of other proprietors of said plat, and, further, that there was no closing or obstruction of any public highway laid out according to law, the rights protected by the provisions of section 17-419 were not violated.

Section 17-418, Comp. St. 1929, provides that the execution and recording of the instrument (deed of vacation) shall operate to divest all public rights in the streets, alleys, commons and public grounds laid out and described in

such plat. And section 17-420: "When any part of a plat shall be vacated as aforesaid, the proprietors of the lots so vacated may inclose the streets, alleys and public grounds adjoining said lots in equal proportions." The validity of these provisions of our statute has been recognized by this court in *Hart v. Village of Ainsworth, supra,* and *Johnson v. Buhman, supra.* Appellees cite a number of decisions of this court in support of their position. Space will not permit their discussion. Those cases did not involve the questions presented by these proceedings, and, after examination, we conclude they are not controlling.

In January, 1928, a certificate of survey, plat and a certificate of dedication of Highway Addition to the village of Hay Springs were duly filed for record in the office of the county clerk of Sheridan county. Said plat embodies that portion of what was North Third street located north of blocks one, three and four, which was vacated by said vacation deeds, and also that portion of Outlot B north of said three blocks, with streets and alleys prolonged north to conform with the streets and alleys in said original town plat.

Since the vacation of that portion of North Third street vacated by the vacation deeds and the platting and dedication of Highway Addition, the lots in said addition, including those located on what was North Third street, have been assessed and taxes levied and collected thereon the same as on other village property.

After the platting and dedication of Highway Addition, a gasoline service station was constructed by appellant, Horn & Morgan, Inc., the plaintiff in the second suit, on the east half of block 46 of said addition, being directly north of the east tier of lots in block three of original town plat, and at southwest corner of the intersection of Main street and Line avenue, Highway No. 20. Appellee, Lee H. Borron, one of the defendants in the injunction suit, that is, the second suit, and a member of the village board, owns a gasoline service station located at the

northwest corner of the intersection of Main street and Line avenue, Highway No. 20, just across the highway north from the gasoline service station constructed by Horn & Morgan, Inc. The right to water from the water system of the village of Hay Springs for said gasoline service station of Horn & Morgan, Inc., is the subject-matter of the second suit.

The deeds of vacation being valid, there is no sufficient reason suggested or apparent why the survey, plat and certificate of dedication of Highway Addition to the village of Hay Springs should not be sustained. It follows that the appellant, Horn & Morgan, Inc., is entitled to have water supplied to its gasoline service station described in these proceedings from the water system of the village of Hay Springs on the same terms and conditions as other consumers. Decree in both cases reversed and cases remanded for entry of decree in harmony herewith.

REVERSED.