IN THE MATTER OF THE APPLICATION OF BISHOP TRUST COMPANY, LIMITED, TRUSTEE, TO REGISTER TITLE TO LAND SITUATE AT KALIA, HONOLULU, TERRITORY OF HAWAII.

NO. 2963.

ARGUED FEBRUARY 11, 1954.          DECIDED FEBRUARY 12, 1955.

TOWSE, C. J., LE BARON AND STAINBACK, JJ.

OPINION OF THE COURT BY LE BARON, J.

This is a petition before the land court in application number 852, which is the original case wherein a certificate of title was issued pursuant to a decree of registration with respect to the title of certain land hereinafter referred to as the "registered land." Some twenty years after the issuance of the certificate, the petitioner as owner of adjoining land for the first time appears. She seeks by her petition to have an alleged easement confirmed and to have its boundary determined over a certain part of the registered land as a subsisting encumbrance not noted on such certificate. The petition alleges that the easement is a private way which was acquired by adverse possession or prescription and had ripened into a subsisting encumbrance before the land had been registered. A demurrer was sustained by order of court on the ground that such an easement so acquired but not noted on the certificate of title does not fall within the exception of a "private way laid out under the provisions of law" as the only possible exception, which the statute names, to the statutory rule that registered land shall not be subject to any encumbrance unless noted on the certificate. (R. L. H. 1945, § 12641, as am.) By writ of error, the petitioner challenges that ground and the order based on it.

As indicated, the specification of alleged errors presents but one question of law for appellate decision. It is whether a "private way laid out under the provisions of law" as employed in the statute means a private way acquired by adverse possession or prescription as alleged in the petition. The answer to that question depends upon what the legislature intended to express by employing the clause

"private way laid out under the provisions of law."

To grasp the true meaning of that clause the entire sentence in which it appears should be considered in context with it and the statute itself read in connection with statutes in *pari materia* with it. The statute, however, constitutes the sentence, the pertinent part of which reads: "Every applicant receiving a certificate of title in pursuance of a decree of registration, and every subsequent purchaser of registered land who takes a certificate of title for value and in good faith, shall hold the same free from all encumbrances except those noted on the certificate * * * and any of the following encumbrances which may be subsisting, namely * * * Third, any public highway, or any private way laid out under the provisions of law, when the certificate of title does not state that the boundary of such way has been determined. * * *" (R. L. H. 1945, § 12641, as am.)

The language of the statute, although clear, requires analysis so that its expressed meaning may be ascertained. Toward that end the part to be considered first is the term "laid out." That term is the past participle of "lay out," the ordinary meaning of which is "to plan in detail; to map out; to arrange as grounds or plans." (Webster's New International Dictionary, 2d ed., unabridged, 1950.) As applied to a private way, the term simply means one delineated on a map or otherwise located and defined. But that meaning is qualified by the clause "when the certificate of title does not state that the boundary of such way has been determined." The term, so qualified in meaning, indicates that the way has been sufficiently defined to be an encumbrance across the registered land but that its exact boundary or width has not been determined and therefore a determination of boundary is incapable of being stated as a fact by the certificate of title issued pursuant to the decree of registration. The term, however, is further qualified so as

to require the laying or mapping out to be done under "the provisions of law," the necessary implication being that a way in order to qualify as an exception must be laid out according to those statutes in particular which provide for laying or mapping out a way across registered land or to specific requirements of statute for encumbering registered land. A way laid out under such provisions is in contradistinction from one acquired by a continued adverse possession or by prescription before the land became registered, no prescriptive way being permitted to be acquired thereafter against registered land. (See R. L. H. 1945, § 12646, as am.)

From a reading of section 12641 in connection with the other land court statutes of chapter 307, Revised Laws of Hawaii 1945, in *pari materia,* it is manifest that the provisions in those statutes for the registration of title both as to land and easements are "the provisions of law" under which the legislature intended that a subsisting private way be laid out in order to subject registered land to it. The ones in particular, for instance, pertain to the original proceedings of registration. They are the provisions of section 12360 requiring a map to be filed and those of section 12638 providing that the decree of registration shall set forth the estate of the owner showing *inter alia* easements and other encumbrances, to which the registered land is subject. These are the only specific requirements of statute for the laying out of a private way across registered land within the meaning of the clause under consideration and have been such since the original land registration act of 1903 became law. (S. L. H. 1903, Act 56.) A subsisting way laid out pursuant to such requirements would be one delineated on the required map filed in the original proceedings to register the land and there shown by the decree of registration to be an easement to which the registered land is subject.

The interpretation, so made and applied, operates consistently with the nature and purpose of land court proceedings to register not only land but any encumbrances on it as adversary proceedings in rem to quiet title. Moreover, it is a reasonable one which gives meaning and effect to every part of the statute and answers the question for appellate decision in the negative. No authorities have been cited to the contrary and this court has found none. (In general accord, see: *Chicago Anderson Pressed Brick Co.* v. *City of Chicago,* 138 Ill. 628, 28 N. E. 756; *Hay Springs* v. *Hay Springs Comm. Co.,* 131 Neb. 170, 267 N. W. 398; *State* v. *Siegel,* 54 Wis. 86, 11 N. E. 435.)

Order affirmed.

*F. D. Padgett* (*Robertson, Castle & Anthony* with him on the brief) for defendant in error, Waikiki Properties, Ltd.

*M. Marumoto* (also on the briefs) for plaintiff in error, Mary K. Nohoikaiu.