ARO INVESTMENT COMPANY, A CORPORATION, APPELLEE, V. CITY OF OMAHA, NEBRASKA, A MUNICIPAL CORPORATION, APPELLANT, IMPLEADED WITH JAMES J. DWORAK, MAYOR OF THE CITY OF OMAHA, NEBRASKA, ET AL., APPELLEES.

139 N. W. 2d 349

Filed January 14, 1966. No. 35956.

Herbert M. Fitle, Bernard E. Vinardi, Frederick A. Brown, Edward M. Stein, Sebastian J. Todero, Walter J. Matejka, and Frederick S. Geihs, for appellant.

Jack W. Marer and Seymour L. Smith, for appellee Aro Inv. Co.

Michael J. Dugan and Kelley, Grant & Costello, for appellee Seliga.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, and McCOWN, JJ.

SPENCER, J.

This is an action brought by the Aro Investment Company, a corporation, hereinafter referred to as plaintiff, against the city of Omaha, the mayor and the members of the city council, and the property owners abutting on the sides of what will hereinafter be designated as vacated Thirty-sixth Street. The action is to restrain the enforcement of ordinance No. 22375 of the city of

Omaha vacating and closing Thirty-sixth Street from Frances Street to a point 87 feet south of Frances Street in the city of Omaha, hereinafter designated as vacated Thirty-sixth Street, and for a declaration of the rights of the parties under the city charter and under the Constitutions of the United States and the State of Nebraska. The district court found generally for the plaintiff, subject to specific findings of fact and conclusions of law which it is not necessary to set out herein. The defendant city of Omaha has appealed and for convenience will hereinafter be designated as defendant.

Club Terrace Addition to the city of Omaha was dedicated and accepted by the city many years ago. All streets in the addition were opened, improved, and used except vacated Thirty-sixth Street, which has never been opened or used as a street. On the plat it is an 87-foot extension of Thirty-sixth Street south of Frances Street, and dead ends on the south edge of Club Terrace Addition. Plaintiff's property, which is now zoned as industrial property, except for the "nub" described later, lies 20 feet south of and parallel to the south line of Club Terrace Addition on the south. Its ownership antedates the vacation ordinance but not the plat of Club Terrace Addition. Plaintiff's property includes a "nub" / the width of Thirty-sixth Street, which directly adjoins the dead end of the street on the south and connects with plaintiff's property 20 feet south of the south line of Club Terrace Addition. Plaintiff alleges this "nub" was purchased for the purpose of providing access to and from plaintiff's property lying immediately south of it, which comprises a rectangle 613 feet north and south by 241 feet east and west, to Thirty-sixth Street. This "nub" is not and never has been a part of Club Terrace Addition. There is a 20 to 25 foot difference in grade between the residences to the side of vacated Thirty-sixth Street and the industrial tract owned by the plaintiff. It was the testimony of the city planning director that any grade for a street would have to be extremely steep. Plain-

tiff's property is bordered on the south by Martha Street and on the east by an alley with access to both Martha Street and Frances Street. The plaintiff has improved the southern portion of its property and the judgment of the trial court applies only to the north 203 feet. The following plat will clarify the location and the relative positions of the property involved.

Three individuals who owned all of the property on both sides of vacated Thirty-sixth Street initiated the

vacation proceedings by petition. They were made parties herein, but did not appeal from the judgment of the trial court. The vacation was approved by the planning board, who recommended it to the city council over the objections and protest of the plaintiff. The objections and the protest were sent to the city council with the recommendation. The city council held a hearing at which plaintiff was represented by counsel and produced witnesses in opposition to the proposed ordinance. After the adoption of the ordinance, plaintiff filed this collateral attack upon it.

The district court determined that the plaintiff was an abutting owner of vacated Thirty-sixth Street; that in the enactment of the ordinance, it was deprived of due process of law and just compensation; that it was possessed of certain valuable rights in said street, including the right of reasonable ingress and egress in a free and unobstructed manner across Thirty-sixth Street vacated, which an equity court will protect without a showing of pecuniary loss; and that said rights accrued although the street was never opened, and although plaintiff's land abutted on the end of the street rather than the sides thereof. The district court enjoined interference with plaintiff's rights by the individual defendants. The defendant perfected an appeal to this court.

Many issues have been raised in this appeal, involving constitutional law, real property law, and municipal corporation law. Because we determine that the plaintiff has never acquired any rights in the vacated street, we do not deem it necessary to consider the issues raised. In passing, we also observe that if plaintiff had an interest in the vacated street, it also had an adequate remedy at law. A party seeking an injunction must establish by competent evidence every controverted fact necessary to entitle him to relief, for injunction will not lie unless the right is clear, the damage is irreparable, and the remedy at law is inadequate to prevent a failure

of justice. See Hanson v. City of Omaha, 157 Neb. 403, 59 N. W. 2d 622.

In the instant case, plaintiff had never used the vacated street in any way. The street had never been opened and could not be used as a street in its present condition. Further, to open it would entail considerable work and expense and if opened it would require a grade steeper than that now being approved by the city planning department. It goes without saying that the plaintiff could never have forced the city to open it.

Plaintiff alleges that it purchased the "nub" for the express purpose of providing access from its industrial property to Thirty-sixth Street. It knew at all times that the street was merely a nominal street on the plat of an adjoining addition. Certainly it could not acquire any greater rights than its predecessors in title possessed. Its predecessors in title had no interest in the street or in any property abutting on the street in Club Terrace Addition. Plaintiff had available and was using the same means of ingress and egress which had always been used by it and its predecessors in title.

While the plat of Club Terrace Addition had been of record for many years and the dedication had been accepted by the city and all other streets therein had been opened for public use, no work was ever performed by the public authorities in opening, improving, or maintaining the strip in question as a street, nor was it in any way used as a public way for vehicular or other traffic. It was at the most only a nominal street. See, Hart v. Village of Ainsworth, 89 Neb. 418, 131 N. W. 816; Johnson v. Buhman, 98 Neb. 236, 152 N. W. 403; Village of Hay Springs v. Hay Springs Commercial Co., 131 Neb. 170, 267 N. W. 398.

While the cases cited above involve a different statutory provision applying to cities of the second class and villages, the principles announced therein are applicable herein. It is not necessary that a municipality accept and open a street for public use until public necessity

requires it. Village of Maxwell v. Booth, 161 Neb. 300, 73 N. W. 2d 177. We determine that even though a dedication of a street is accepted by the city, until the city manifests some intent to use it or it has been used as a street there is no public use and no rights will accrue in said street as against the city. In this respect, it is not essential that there should be any prescribed formal declaration, but there must be use or some other act indicating its status as a street by those authorized in such matters to represent the public to complete the dedication.

In the instant case, vacated Thirty-sixth Street was never opened, improved, maintained, or used in any manner as a street. There was no public use. Consequently, the plaintiff and its predecessors in interest could not acquire any interest therein which would force the city to use said street or permit plaintiff to contest its vacation. One hundred percent of the owners of abutting taxable frontage on the vacated street petitioned for its vacation. The city proceeded in strict accord with section 14-3,107, R. R. S. 1943, which permits vacation upon the petition of the owners of 75 percent of the taxable frontage abutting upon a street, and provides for the reversion of that part vacated to the abutting owners on the respective sides thereof. Section 14-3,107, R. R. S. 1943, provides a method by which property owners in metropolitan cities may initiate a petition for the vacation of nominal streets. To secure a vacation, however, requires the express approval of the city. The plaintiff has no interest in the vacated street and consequently is in no position to question the proceedings herein.

For the reasons given, we reverse the judgment of the trial court and remand the cause with directions to dismiss.

REVERSED AND DISMISSED.