CITY OF ORD, NEBRASKA, A MUNICIPAL CORPORATION, APPELLANT, V. WAYNE L. ZLOMKE ET AL., APPELLEES.

149 N. W. 2d 747

Filed April 7, 1967. No. 36418.

Leonard W. Cronk, for appellant.

Wagoner & Grimminger, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, and McCOWN, JJ., and KOKJER, District Judge.

KOKJER, District Judge.

The persons named as defendants herein, claiming to be all of the owners of abutting lots, filed deeds vacating the plat of parts of the streets and alleys in Hillside Addition to the City of Ord. The city thereafter filed a petition in the district court for Valley County, in which it prayed for the cancellation of those deeds of vacation and that title to the streets and alleys described be quieted in the city. After trial, the district court found that plaintiff had failed to prove the allegations of its petition and that the vacation deeds are valid. We affirm the judgment.

A careful review of the record reveals little, if any, conflict as to the facts. The plat of Hillside Addition to Ord was filed for record on October 8, 1884. Defend-

ants Zlomke own all of Block 12, the west half of Lot 4, all of Lots 5 and 6, and the south half of Lots 7 and 8, less the north 25 feet thereof, in Block 11. Defendants Cicmanec own Lot 3 and the east one-half of Lot 4, in Block 11. Defendants Parkos own the land outside the city limits immediately south of P Street, which is platted, running east and west just south of Blocks 11 and 12. In the east one-half of Block 11, Lots 1 and 2 are owned by the Donald Stewarts; and the north half of Lots 7 and 8, just south thereof, is owned by the Herbert Rickards. Neither the Stewarts nor the Rickards appeared in the case. Lots 1, 2, 3, and 4 make up the north half of Block 11, and Lots 5, 6, 7, and 8 make up the south half. Blocks 11 and 12 are in the extreme southwest corner of the city. Twenty-third Street, which is open, runs north and south just west of Block 12, its southern terminus being the city boundary line near the southwest corner of Block 12. O Street, which is open, runs from the west city limit eastward along the north side of Blocks 11 and 12. Twenty-second Street is platted north and south between Blocks 11 and 12 but between these blocks has never been opened. Twenty-first Street runs from the north past the east side of Block 11 and ends at the city boundary near the southeast corner of Block 11. The east and west alleys in Blocks 11 and 12 have never been opened. P Street, as platted, runs east and west along the city boundary south of Blocks 11 and 12, but has never been opened west of Twenty-first Street. The defendants vacated the plat as to: (1) The east-west alley of Block 12; (2) the portion of Twenty-second Street between Blocks 11 and 12; (3) the portion of the east-west alley lying between Lots 3 and 4 on the north and Lots 5 and 6 on the south in Block 11; and (4) the portion of P Street lying south of Blocks 11 and 12.

The City of Ord never passed an ordinance accepting the plat of Hillside Addition as required by section 17-567, subsection (6), R. R. S. 1943, which reads as follows:

"No street or alley which shall hereafter be dedicated to public use, by the proprietor of ground in any city or village, shall be deemed a public street or alley, or be under the use or control of the city council or board of trustees, unless the dedication shall be accepted and confirmed by an ordinance especially passed for such purpose."

The city could have accepted the plat by using the areas platted for streets and alleys for public purposes. Village of Maxwell v. Booth, 161 Neb. 300, 73 N. W. 2d 177. It did not do so.

The defendants proceeded under the provisions of the following statutes:

"Any such plat may be vacated by the proprietors thereof, at any time before the sale of any lots therein, by a written instrument declaring the same to be vacated, duly executed, acknowledged or proved and recorded in the same office with the plat to be vacated. The execution and recording of such writing shall operate to destroy the force and effect of the recording of the plat so vacated, and to divest all public rights in the streets, alleys, commons, and public grounds laid out or described in such plat. In cases where any lots have been sold, the plat may be vacated, as herein provided, by all the owners of lots in such plat joining in the execution of the writing aforesaid." § 17-419, R. R. S. 1943.

"Any part of a plat may be vacated under the provisions and subject to the conditions of section 17-419; Provided, such vacating does not abridge or destroy any of the rights and privileges of other proprietors in said plat. Nothing contained in this section shall authorize the closing or obstructing of any public highways laid out according to law." § 17-420, R. R. S. 1943.

All of the owners of lots abutting on the areas vacated have joined in the vacation deeds. This court held in the case of Village of Hay Springs v. Hay Springs Commercial Co., 131 Neb. 170, 267 N. W. 398, that only those

property owners whose property abuts on the vacated part of the street need join in the deed of vacation.

Section 17-420, R. R. S. 1943, provides that nothing contained in this section shall authorize the closing or obstructing of any public highways laid out according to law. This court held in Village of Hay Springs v. Hay Springs Commercial Co., *supra*, that this provision does not apply to nominal streets designated on plats which were never used as public highways. The evidence shows clearly that the parts of streets and alleys vacated by defendants were never opened nor used for the public as streets, nor for any other public purpose. The entire area had been enclosed by fences and used for pasture or the growing of crops.

Plaintiff contended that because the Stewarts and the Rickards did not join in the vacation deeds, they were not effective. The evidence shows that only the portion of the alley in the west half of Block 11 was vacated and that these persons owned lots abutting on the alley in the east half of the block. The only use ever made of this alley for public purposes was the placing of a pole, about one-fourth of the way through the alley from the east, in connection with electric service to the Stewarts and Rickards. The alley was never used for travel through the block. If this alley were to be opened for travel clear to the west end of the block, one using it could go nowhere except to the end of the alley. The east end can still be used for access to their properties by the Stewarts and Rickards if they desire to have it opened and improved. They also both have access from Twenty-first Street and access along the north side of the lots owned by the Rickards may be had from O Street.

The case of Johnson v. Buhman, 98 Neb. 236, 152 N. W. 403, involved the vacation of an area platted in 1886 as an alley, extending east and west through the middle of a block in Leigh, Nebraska, which joined an alley which was open extending north and south through the

block. The owners of the lots abutting on both sides of this half-block alley had used it as part of their properties until 1909. In June 1909, the village authorities, by the performance of certain acts not described in the opinion, attempted to take possession of and assume control over the strip, which attempt was resisted by the owners. In April 1910, the owners duly executed and filed a deed vacating the plat so far as it affected this half-block alley. Thereafter, until December 1910, the village desisted from further activities on this strip and the owners restored their fences around it and repaired the injury which the village had done. On the last-named date the village forcibly removed the fences. The owners then filed suit to enjoin the village; and in its answer the village admitted that if not restrained it would continue its attempt to open the strip of ground as an alley. After trial the court found that the strip, although platted as an alley, had never been used by the public, nor had any act been done by the village authorities indicating an intention to open the same as an alley; and that even though the owners had not enclosed and used the strip, the vacation deeds would have been effectual to vest ownership and control in those seeking the injunction. The court pointed out also that every proprietor in the block had access to his property from streets around the block and the north and south alley. Injunction was granted. The situation is much the same here. No proprietor is being deprived of access; the owners on both sides of the half-block alley signed the vacation deeds; and no public use has ever been made of the part of the alley closed. Even if the Stewarts and Rickards were here complaining, which they are not, the defendants were duly authorized by law to do just what they did.

The plaintiff also claimed to own a 12-foot strip from its reservoir out in the country south of the city to and connecting with the east 12 feet of P Street just south of Block 11, and that as proprietor it was a necessary

signer of any deed vacating P Street. The only proof of ownership offered is the record of the minutes of a meeting of the board of trustees of the Village of Ord on September 12, 1887, purporting to accept the appraisement of a board of assessment of damages and injuries in condemning the described strip, and authorizing the chairman to tender to John G. C. Haddle the sum of $250 for said damages and injuries. There was a complete absence of proof of acceptance of any such tender or of any condemnation proceedings, or of a deed, or of any other proof of ownership. There is testimony that a pipeline for water extends from the reservoir, which pipeline is thought to be in this 12-foot strip, and which apparently crosses P Street close to its junction with Twenty-first Street. This strip is outside the city. It has never been used for travel to or from the reservoir. Had there been a showing of proprietorship, the defendants could have vacated the part of P Street west of this 12-foot strip. The district court, in its judgment, granted the city an easement of 12 feet over the east end of P Street vacated for purposes of maintenance and service of that portion of pipeline, if any, situated across the vacated street. This easement is construed by this court to grant the use of the east 12 feet of the vacated portion of P Street for access to its reservoir if the city is able to, and elects to, open this route south from P Street. The defendants did not appeal from this provision and it gives the city all it could have anticipated receiving.

The district court correctly determined the issues in favor of the defendants and its judgment should be affirmed.

AFFIRMED.